## T. E. RICHIE, ADMINISTRATOR, *v.* J. S. DUKE.

HOMESTEAD.    *Allotment.*    *New selection.*    *Code* 1880, §§ 1251, 1252.

> Where land is levied on under execution, and the judgment debtor has
> set off to him a part of it as a homestead, the remainder is subject to
> sale, and he cannot afterwards, and before sale, dispose of the homestead
> so allotted to him, and move on the other land and claim a homestead
> therein.

FROM the circuit court of Lee county.

HON. LOCK E. HOUSTON, Judge.

Appellee, Duke, owned and, with his family, resided upon
a tract of land containing 160 acres, which was levied on
under an execution issued on a judgment in favor of appel-

lant.   The land was claimed as exempt, and the sheriff took steps, under § 1251, code 1880, to have the homestead allotted. The freeholders set apart as exempt the west half of the tract, which embraced the dwelling and all other buildings. The east half of the land was then advertised for sale under the execution, when the defendant sold and conveyed to one Lewellen the land so allotted to him as a homestead, and, having built a cabin on the other 80 acres, he moved upon it before the sale day, and asserted the right to hold that as a homestead.   He moved the court to quash the levy as to this land, on the ground that it was exempt, and an issue as to this was submitted to a jury.   On the trial, the above facts were shown.   The evidence also showed that there was a trust-deed on the entire tract, and that the west half, which was allotted as a homestead, was sold to Lewellen to satisfy a debt secured by this deed.   It also appeared that the defendant took no part in the allotment proceedings.

The debt on which the judgment was founded, was contracted prior to the act of 1882, which increased the homestead exemption from 80 to 160 acres.   The court refused to give a peremptory instruction to find for plaintiff, but, among instructions, gave the following at the instance of plaintiff:

"1. The court charges the jury for the plaintiff that the sale of the west half of the land, in the case named, having been made after the levy of plaintiff's execution had been made, and after the said west half had been set apart to the defendant as a homestead, and after the said east half of said land had been advertised for sale to satisfy plaintiff's execution, the said defendant had no right to move on the east half of said land and claim it as exempt from plaintiff's execution; and the levy thereon by the sheriff was legal, and the motion of the defendant to quash the said levy should be overruled, and the jury will find for the plaintiff that the levy is good."

Verdict and judgment for defendant.   Motion for new trial overruled.   Plaintiff appeals.

*Clayton & Anderson*, for appellant.

1. The debt having been contracted prior to the act of 1882, Duke was only entitled to an exemption of 80 acres. *Lessley* v. *Phipps*, 49 Miss., 790; *Johnson* v. *Fletcher*, 54 *Ib.*, 628; 96 U. S., 595.

2. All the land having been levied upon, and the homestead having been set apart, the debtor could not sell or abandon this and claim another homestead. *Trotter* v. *Dobbs*, 38 Miss., 198, is not an authority for the proposition that this can be done. That and subsequent cases, holding that the debtor may acquire and claim the homestead in land at any time prior to the sale thereof, does not authorize one who has a homestead, and is occupying it as such, to sell that and claim another, thus, by repeated sales, defeating entirely the liens of judgment creditors. Such a scheme or fraud as this could not be tolerated. The homestead right, instead of being a shield, would be converted into an instrument of fraud to defeat creditors. On this point, see *Rutherford* v. *Jamieson*, 65 Miss., 219; *Stone* v. *Darnell*, 20 Texas, 11; *Woodall* v. *Rudd*, 41 *Ib.*, 375; *Willis* v. *Matthews*, 46 *Ib.*, 478; Thompson on Homesteads, §§ 225, 319, 419, 648, 856.

On the undisputed facts, the court should have given the peremptory instruction in favor of plaintiff. We ask for a reversal, and that judgment be entered here overruling the motion to quash the levy, and directing the issuance of execution against Duke and his sureties. Code 1880, § 1756.

*J. L. Finley*, for appellee.

1. Exempt property may be disposed of as other property. Code 1880, § 1257. One may become the head of a family after judgment and before sale. He thus acquires a right to hold exempt property. *Trotter* v. *Dobbs*, 38 Miss., 198; *Irwin* v. *Lewis*, 50 *Ib.*, 363.

Duke had nothing to do with setting apart one-half the land as a homestead, and was not concluded thereby. He had a right to move on the other land and claim it as a home-

stead at any time before sale, and this right he exercised. The question involved is purely a legal one, and is settled by the decisions above referred to. If, as opposite counsel contend, the debtor was seeking to perpetrate a fraud, that matter could only be reached in a court of equity.

2. Opposite counsel insist that, under the authority of *Lessley* v. *Phipps*, the debtor is only entitled to an exemption of 80 acres. The court can as easily overrule that case as it did *Stephenson* v. *Osborne*, 41 Miss., 119. But, be that as it may, Duke only claims now, as his homestead, 80 acres, and is living on it with his family. The judgment is right.

CAMPBELL, C. J., delivered the opinion of the court.

This court has felt bound to adhere to *Trotter* v. *Dobbs*, 38 Miss., 198, and so declared in *Jones* v. *Hart*, 62 Miss., 13; but, erroneous and mischievous as that decision was, it was never supposed to be capable of being misconstrued and perverted, as has been done in the case before us. It is true that in *Trotter* v. *Dobbs* the court, sticking in the bark, seized upon the language of the statute declaring that certain realty shall be exempt from " seizure *or sale* " as authorizing the holding that the execution debtor, resident on the land *bound* by the judgment against him, might marry on the day appointed for sale under the levy, which made the lien specific, and thereby unbind the land and defeat the lien, and render the sale nugatory; but, unsound as that is, it is inconceivable to us how that could be supposed to entitle one whose homestead was set off to him in pursuance of §§ 1251, 1252 of the code of 1880, afterwards to abandon it, move on another tract of land, sell that set off, and then successfully claim as his homestead the new selection. The claim of Mr. Duke is preposterous, and unallowable. When the sheriff levied the execution and proceeded in accordance with the statutes, and the commissioners set off certain land to Mr. Duke as his homestead, " the remainder of the land" levied on was subject to be sold. This is the express provision of the statute,

and no act of the defendant, in making another selection of land for his homestead, could defeat the sale.

The learned judge below, with a correct view of the law, as shown by granting the first instruction for the plaintiff, refused to end the controversy by deciding for the plaintiff, as he should have done.

*Reversed, and remanded for further proceedings in the court below in accordance with this opinion.*