## WILLIAM B. TROTTER v. MARTIN DOBBS and WIFE.

1. EVIDENCE : CITIZENSHIP : PROOF OF.—Proof that a free white person has been residing in this State, and keeping house for twelve months, is sufficient to show that he is a citizen of the State, in the absence of all proof tending to show, that he was a mere sojourner or transient person.

2. SAME : PROOF THAT A PARTY IS A FREE WHITE PERSON : CASE IN JUDGMENT.— If it appear that a party to a suit, married in this State, and kept a boarding-house, and hired slaves, it is sufficient in the absence of all proof to the contrary, to show that he is a free white person.

3. EXEMPTION LAWS : PARTY BECOMING HOUSEHOLDER AFTER JUDGMENT, ENTITLED TO BENEFIT OF.—If a judgment-debtor, being a free white citizen of this State, becomes a householder and the head of a family, after the rendition of the judgment, and before the sale, he will be entitled to hold exempt from sale, under a levy made to enforce that judgment, the quarter-section of land exempt from execution by the provisions of Art. 281, p. 529, of the Revised Code.

ERROR to the Circuit Court of Clarke county. Hon. William M. Hancock, judge.

*George L. Potter*, for plaintiff in error.

*John D. Freeman*, for defendant in error.

HANDY, J., delivered the opinion of the court.

This was an action of ejectment for a tract of land in the possession of the defendants, to which they pleaded, 1st, the general issue ; and, 2d, that they are householders and heads of a family, and occupy the land as such ; and that the plaintiff claims title by purchase at a sheriff's sale, under execution against the defendant Dobbs, who, at the time of the sale, was a free white citizen of this State, and a householder, and had a family, and occupied the land as a residence, and that the land was, therefore, exempt from sale under execution. Upon this second plea the plaintiff took issue ; and the defendants had judgment.

It appears by the bill of exceptions, that the plaintiff purchased the land on the 6th December, 1858, at a sale made on that day, under two executions issued on judgments, rendered 25th and 26th

August, 1858, against the defendant Dobbs, and duly enrolled; that Dobbs had occupied the land for about twelve months before the sale, and was not married until the day of the sheriff's sale, but was married on that day, and before the sale took place, and continued in the occupation of the land; and that he had hired negroes, and kept house, and had boarders, and that there were not more than one hundred and sixty acres in the tract.

The first question raised on the part of the plaintiff in error, is that there was no evidence to show that Dobbs was "a free white citizen of this State." This is not proved by evidence adduced directly to the point, and for the purpose of establishing it. But it is shown that he had been residing on the land and keeping house for twelve months before the sale; and that entitled him to the rights of a citizen of the State, and in the absence of evidence showing that he was a sojourner or transient person, having a merely temporary occupancy of the land, he must be taken to have been a citizen of this State. He must also be taken to have been a "*free white*" person; for every one who is sued in our courts, and is permitted to keep a house, hire slaves, and take boarders, must be presumed to be a free white person. Moreover, it appears that he was married, which *prima facie* imports a legal marriage; and that cannot take place except with a "free white" person. There is, therefore, no force in this objection.

But the principal question is, whether the marriage of the defendant after the rendition of the judgment, but on the day of the sheriff's sale, and before the sale, he not having a family before the day of sale, was sufficient to exempt the land, for his benefit, from sale under execution?

The policy of the statute plainly is, to give to the defendant the use of the property exempted from execution, for the benefit of himself, and *as a means of support of his family*. The provision is, that the property shall be "exempt from seizure or sale under any execution," &c. No time is limited for the operation of the act, nor restriction put upon the enjoyment of the privilege contemplated by it; but it is extended to "every free white citizen of this State," "*being a householder and having a family*." It appears, therefore, that whenever a party fills this description of character, he is entitled to the benefit of the privilege conferred,

provided he occupies the position before the land has been sold under execution. For it is as necessary that he should hold the property for the support of himself and his family, where he becomes a householder and head of a family after judgment rendered against him, as when he occupied that relation before the judgment; and the reason of the exemption applies as well in the one case as in the other. No legal right of the plaintiff, in the judgment rendered before the marriage, is impaired; because by the statute, his judgment, though generally a *lien* on all the property of the defendant, was subject to the restriction, that if he did not sell certain property of the defendant before he became a householder and had a family, it should be exempt from execution upon his afterwards assuming that relation. This was the effect of the statute exempting property from execution; it was a part of the policy of our laws, and the judgment was of course rendered subject to the rule established by the statute.

If this be correct, it is immaterial at what time before the sale under execution, the defendant occupies the position of householder and head of a family. He becomes entitled to the benefit, by occupying the position at any time before his interest in the property is divested by sale; for until then, the land, to all intents and purposes, is his property.

The judgment is in accordance with this view, and it is affirmed.