MARY E. JONES ET AL. *v.* PHILIP HART.

HOMESTEAD EXEMPTION. *Right thereto, when acquired. Sale under execution.*
    If at the time of a sale of land under execution the debtor have a family and be occupying the land sold as a homestead, he cannot be by such sale deprived of his homestead, even though his exemption rights may have accrued after the levy of the execution. *Irvin et al.* v. *Lewis,* 50 Miss. 363, and *Letchford* v. *Cary,* 52 Miss. 791, approved.

APPEAL from the Chancery Court of Rankin County.
HON. T. B. GRAHAM, Chancellor.

On the 3d of February, 1880, Philip Hart sued P. H. Jones in the circuit court for four hundred and thirty-eight dollars and twenty-seven cents. On the 9th day of that month Jones executed to R. N. Eubanks, as trustee, a deed of trust upon certain lands to secure an alleged debt of the grantor to his mother, Nancy Jones. At the August term, 1880, of the court, Hart recovered a judgment in his action against Jones. On the 12th of February, 1881, Eubanks, in pursuance of the trust deed, sold the land embraced therein, and Nancy Jones becoming the purchaser thereof, the same was conveyed to her. Nancy Jones died on the 17th of June, 1882, leaving a last will and testament, by which she devised to Mary E. Jones, wife of P. H. Jones, the land conveyed to her by Eubanks as trustee. On the second Monday of August, 1882, these lands, described as the E$\frac{1}{2}$ of NW$\frac{1}{4}$ of Sec. 33 and NE$\frac{1}{4}$ of SW$\frac{1}{4}$ and S$\frac{1}{2}$ of E$\frac{1}{2}$ of SW$\frac{1}{4}$ of Sec. 28, all in township 6, range 2 east, lying in Rankin County, Miss., were sold by the sheriff under an execution issued upon Hart's judgment against P. H. Jones, and were bought by the former.

Thereupon Hart filed the bill in this case for the purpose of having the deed of trust and the deed above mentioned declared fraudulent and to have it and the deed of the trustee to Nancy Jones canceled, as a cloud upon the title to the lands bought at the sheriff's sale. The defendants, P. H. Jones and wife, answered, denying the fraud charged, and also setting up the claim that a part of the land bought by the complainant, to wit, the SE$\frac{1}{4}$ of SW$\frac{1}{4}$ of Sec. 28, T. 6, R. 2, was at the time of the sale occupied by them as a part of their homestead. Proof was taken by both sides, and on the 19th of September, 1884, the cause was submitted on final hearing, and a decree was rendered declaring the deed of trust from Jones to Eubanks to be fraudulent and ordering that it and the deed from Eubanks to Nancy Jones be canceled and held as void as to all the land bought by Hart as above stated. From that decree the defendants appealed.

*William Buchanan,* for the appellants.

Should the deeds be declared fraudulent, the decree of the Chancellor is erroneous in setting aside the conveyance of that part of ·

the land claimed as a homestead. *Delashnett* v. *Trau,* 44 Iowa 613. A fraudulent conveyance does not defeat the homestead. 20 Texas 247; *Edmondson et al.* v. *Meacham,* 50 Miss. 34; *J. W. Pennington* v. *Wm. Seal,* 49 Miss. 518; 60 Miss. 1025. The property can be impressed with the rights of a homestead at any time before levy or sale. *Irwin et al.* v. *Lewis,* 50 Miss. 363; *Letchford* v. *Carey,* 52 Miss. 791.

*Calhoon & Green,* on the same side.

It would seem that the action of the court below in refusing the claim for homestead was clearly erroneous.

1. Long before the judgment was rendered, P. H. Jones lived on the property, having, as a family living with him, an aged and infirm mother. The mother having a legal claim on Jones for support and living with him, he was the head of a family, even within the rule of *Hill* v. *Franklin,* 54 Miss. 632. Smythe on Homesteads and Exemptions, §§ 146, 160, 520.

2. But, if mistaken in this, we are sheltered by *Trotter* v. *Dobbs,* 38 Miss. 198, holding that marriage and occupancy intervening even after levy, if before sale, saves the homestead, and this case is cited as authority in *Lessley* v. *Phipps,* 49 Miss. 796.

*McLaurin & McLaurin,* for the appellee.

The appellant is not entitled to a homestead in this case. The judgment of the court below is correct.

COOPER, J., delivered the opinion of the court.

We approve the finding of the Chancellor, that the deed of trust to Eubanks, trustee, was fraudulent.

The defendants, however, averred in their answer, and sustained the averment by proof, that at the time of the sale under execution they resided upon and occupied, as a part of their homestead, the southeast quarter of the southwest quarter of section 28.

It was held, in *Trotter* v. *Dobbs,* 38 Miss., that occupation of the premises by a debtor entitled to exemption at the time of the sale under execution, was sufficient to protect the homestead from sale.

The statute there construed has been since twice re-enacted by the legislature, and the decision twice followed by this court.

Code of 1871, § 2135 ; Code of 1880, § 1248; *Irwin et al.* v. *Lewis,* 50 Miss. 363 ; *Letchford* v. *Carey,* 52 Miss. 791. The decree is affirmed as to all the land, except the southeast quarter of the southwest quarter of section 28, of T. 6, R. 2, and as to that it is reversed.

*Decree here. The costs in the lower court and of this appeal to be equally paid by the parties.*