THEODORE P. DULION ET AL. *v.* WILLIS T. HARKNESS ET AL.

1. FRAUDULENT CONVEYANCES. *Statute of frauds.* *Code* 1892, § 4226. *Rights of creditors.*

   A fraudulent conveyance by a debtor does not give his creditor any greater right against the property than he would have had if the conveyance had not been made.

2. SAME. *Homestead.* *Code* 1892, §§ 1970, 1971. *Chancery decree.*

   A decree in equity, adjudging a conveyance from a husband to his wife fraudulent as to creditors of the husband, and directing the sale of the land to pay their debts, does not preclude the husband from moving upon the land with his family and making it his homestead; and if he make it his homestead after the rendition of the decree, it will cease to be liable to sale thereunder.

FROM the chancery court of Harrison county.

HON. STONE DEVOURS, Chancellor.

Harkness and his wife, appellees, were complainants in the court below; Dulion and another, appellants, were defendants there. The facts are fully stated in the opinion of the court.

*Walter A. White,* for appellants.

It is true that in *Trotter* v. *Dobbs,* in 38 Miss., the court held that if a judgment debtor, after judgment and before the day of sale, becomes a householder and the head of a family, he is entitled to hold his homestead exempt from sale under an execution previously levied. And it is true that this decision was followed in *Irwin* v. *Lewis,* 50 Miss., in *Letchford* v. *Carey,* 52 Miss., in *Jones* v. *Hart,* 62 Miss., but Judge Cooper, in the latter case, based his reason for following *Trotter* v. *Dobbs* solely on the ground that it had already been followed twice, and the statute twice re-enacted since that case was decided.

In *Richie* v. *Duke,* 70 Miss., 66, Judge Campbell characterized the decision in *Trotter* v. *Dobbs* as erroneous, mischievous and unsound, and refused to extend the rule as laid down in that case to any not expressly covered by it.

I submit that the case at bar is not analagous to *Trotter* v. *Dobbs,* nor to any case where that case has been followed. It will be seen by examining *Trotter* v. *Dobbs, Irwin* v. *Lewis, Letchford* v. *Carey,* and *Jones* v. *Hart,* that in each of these cases the property became impressed with the character of a homestead before sale under execution, and our statute only exempts the homestead from sale under execution or attachment. Under the code of 1871 a homestead was exempt from seizure or sale under execution or attachment, judgment or decree, but under the codes of 1880 and 1892 the homestead is exempt only from execution or attachment. The express exemption from a sale under a decree is repealed by the code of 1880 and the code of 1892, so that unless a decree is in effect a judgment in *personam,* and nothing more, it is not affected by § 1971 of the code. Under that statute a homestead is only exempt from seizure or sale under an execution, which in effect directs the sheriff to make the amount of the judgment out of the "real and personal estate" of the defendant, not exempt by law from execution, and which as a matter of fact is not directed against exempt property. This decree, while having

all the attributes of a judgment in *personam,* is also an action *in rem,* by which a lien is fixed from the date of the filing of the bill (§ 503, code 1892), "except as to *bona fide* purchasers before the service of process upon the defendant," and none other.  While if the same case were presented, this court might feel constrained to follow *Trotter* v. *Dobbs,* unsound though it might be, by reason of the fact that as was said by Judge Cooper in *Jones* v. *Hart,* it has been twice followed, and the statute has been twice re-enacted since that decision, yet I submit that the decision, which is against the great weight of authority, and which has been pronounced unsound, erroneous and mischievous by the supreme court of our own state, should be confined in its operation to cases strictly within its scope, and should not be extended so as to annul a decree in favor of a creditor who has spent his money in setting aside a fraudulent conveyance, and in fastening a lien on a specific piece of property.

It will be noted that in this case the bill claims that the property is the homestead of the defendants, without alleging which one of them, or that either of them is the head of a family, and without showing which one of appellees was entitled to exemption.  Section 1971, code 1892, which exempts from execution or attachment the homestead, exempts only "the land and buildings owned and occupied as a residence," and in *Berry* v. *Dobson,* 68 Miss., 483, it was said that a homestead right is founded on ownership of some assignable interest in the land.  It must be owned and occupied.  It may be the lowest kind of an estate, but it must be an interest in the land. If either of appellees could claim a homestead exemption in this property, it must be Mrs. Sadie Harkness, for W. T. Harkness had conveyed to her all the interest he ever had in it; and she cannot claim it because her deed has been declared by a decree of the chancery court void as to appellants, and as to them she stands as one with naked possession, not coupled with any interest upon which to base a claim for a homestead ex-

emption.   If it be answered that the title to this land must rest somewhere, and that when the court decreed the deed from W. T. Harkness to Sadie Harkness to be fraudulent and void as to these creditors, that the title was still in W. T. Harkness, and that therefore he had possession, coupled with an interest upon which to rest his claim to a homestead exemption; then I invoke the maxim, "He who comes into equity must come with clean hands," and the maxim, "He who seeks equity must do equity."   The appellees not only ignored these fundamental principles of equity, but invoke the aid of a court of equity in perpetrating a most unconscionable fraud perpetrated upon these appellants, who endorsed the notes of appellee, W. T. Harkness, at a time when he needed their assistance, and to compel them to lose not only the money paid to the bank, but the costs of court and other expenses incurred in vacating this fraudulent conveyance, to which both the appellees were parties.

Appellee, Sadie Harkness, has no standing in court, for the deed conveying the lot to her has been declared void by the very court whose aid is now invoked; and W. T. Harkness has no standing in a court of equity, for the only title he has, on which his homestead claim must depend, is itself dependent upon the fraud with which his conveyance to his wife is tainted. "Whatever the nature of the plaintiff's claim, and the relief which he seeks, if his claim grow out of, or depends upon, or is inseparably connected with, his prior fraud, a court in equity will in general deny him any relief."   1 Pom. Eq. Jur., sec. 401.

*Harper & Harper,* for appellees.

We are unable to draw any material distinction between a decree of a chancery court based upon a creditor's bill and a judgment at law based upon the same bill, when the debtor in the latter instance has made no disposition of any of his property in fraud of his creditors.

Suppose Mr. Harkness had not made this deed of convey-

ance, but had let the title remain in him, where it was when this debt was contracted, Messrs. Dulion and Tucei could not have resorted to a court of equity, but must have necessarily subjected this property to this debt, if at all, by a judgment at law. When the judgment had been secured, the writ of execution would have issued and the levy made, when Mr. Harkness might have moved on his property at any time he chose before the sale, and it would have been exempt to him under the laws of this state. Yet the judgment, though a lien generally on all of this appellee's property, would have ripened by virtue of the levy into a so-called specific lien. Because of the fact that the specific property becomes exempt to the debtor, it does not effect the lien created by the judgment on any of the other property owned by him; however, should he abandon it as a home, it immediately becomes liable to the satisfaction of the judgment. This would be the end of all litigation in case Mr. Harkness had not transferred his property to his wife. This has been the rule of law in our state since the time of Justice Handy, and it has been followed, though the law has been twice re-enacted in an unbroken chain of authorities. See *Trotter* v. *Dobbs,* 38 Miss., 198; *Irwin* v. *Lewis,* 50 Miss., 363; *Letchford* v. *Carcy,* 52 Miss., 791; *Jones* v. *Hart,* 62 Miss., 13.

Mr. Harkness transferred his property to his wife, Mrs. Sadie Harkness, and these appellants filed the creditor's bill heretofore mentioned. They have had this conveyance set aside, thereby divesting the title back into Mr. Harkness, and the said decree has created a lien generally on all of Mr. Harkness' property. The decree has had the further effect of a levy, and Mr. Harkness has moved upon the property after the rendition of the decree, or its equivalent, the levy. Because of the fact that this specific property becomes exempt, it does not effect the lien created by the decree on any of the other property owned by Mr. Harkness. However, should he abandon the property as a home, it immediately becomes liable to

the satisfaction of the decree. This is the end of all litigation in either a court of chancery or a court of law. All of these parties, both the appellees and appellants, are in the identical position they would have occupied had the void transfer never been made, and had these appellants sought the only remedy, a judgment at law.

Argued orally by *W. A. White,* for appellants, and *D. W. Harper,* for appellees.

TERRAL, J., delivered the opinion of the court.

W. T. Harkness became the debtor of T. P. Dulion and of B. Tucei, and while such debtor he made a voluntary conveyance of a lot of land in the city of Biloxi to his wife, Mrs. Sadie Harkness. Thereupon Dulion and Tucei filed their creditors' bill, under § 503, code 1892, to obtain a decree for their several debts against W. T. Harkness, and to set aside the conveyance of the lot of land by him to his wife as fraudulent and void as to them, and to subject the property so conveyed to the satisfaction of their demands, for all which they had a decree. Thereafter Harkness and wife moved upon and occupied said property as a homestead, and thereupon filed their supplemental bill, in the nature of a bill of review, to have their homestead right established and secured, and obtained an injunction against the sale thereof. Dulion and Tucei moved to dissolve the injunction because the supplemental bill of Harkness and wife was without equity, and asked for damages for the wrongful suing out of said injunction, which, if found to be wrongful, were agreed to be $50. The court overruled the motion to dissolve the injunction against the sale of the lot, and the defendants appeal.

The sole question is whether a debtor, after having a conveyance of his property set aside as fraudulent, may set up a claim of the exemption of said property from sale by reason of his having made it his homestead since the decree avoiding

said conveyance. It is well settled at law that property upon which a judgment lien has attached may thereafter be made a homestead, and as such protected from any sale of it under the judgment. *Trotter* v. *Dobbs,* 38 Miss., 198; *Irwin* v. *Lewis,* 50 Miss., 363; *Letchford* v. *Carey,* 52 Miss., 791. It is not perceived why the rule in equity should be different from the rule established in courts of law. In our apprehension of it, the case of *Jones* v. *Hart,* 62 Miss., 13, determines the principle of the exemption of homesteads from sale under process at law to be applicable to like process of equity courts. By the plain letter of § 4226, code 1892, the only consequence of a voluntary conveyance of property by a debtor is to render it invalid as to his existing creditors, because as to them it is inequitable; but it is not inequitable to allow him to claim any rights he may have in the property to which his title still adheres as to creditors by construction of law. If it is his as to creditors, it is his so as to allow him to claim a homestead exemption in it. In *Kuevan* v. *Specker,* 11 Bush, 3—a case similar to this— the court said: "These appellees are asking now to subject the property to the payment of their debts, upon the ground that the conveyance to the son was fraudulent and void as to creditors; and, if made liable by the chancellor, it must be for the reason that it is still the property of Theodore Kuevan, the debtor. If his property, himself and wife being still in possession, the creditors will not be allowed to say that we can subject it to satisfy our demands because he is still the owner, and at the same time deny his right to a homestead for the reason that he is not the owner. If the property is made liable for Theodore Kuevan's debts for the reason that the conveyance is fraudulent and void, it must be sold subject to the exemption made by law for the benefit of the debtor. A fraudulent conveyance does not enlarge the rights of creditors, but only leaves them to enforce such rights as if no conveyance had been made." To the same effect are *Vogler* v. *Montgomery,* 54 Mo., 575; *Cox* v. *Wilder,* 2 Dill., 45 (Fed. Cas. No. 3308); *Sears*

v. *Hanks,* 14 Ohio St., 298 (84 Am. Dec., 378); *McFarland*
v. *Goodman,* 6 Biss., 111 (Fed. Cas. No. 8789); *Crummen* v.
*Bennet,* 68 N. C., 494; Wait, Fraud. Conv., sec. 46; Thomp.,
Homest. Exemp., sec. 408. It is a maxim that equity follows
the law, and it applies especially to the construction and effect
of statutes. Wherefore we are of the opinion that the rule in
equity should be the same as at law.

*Affirmed.*