Rufus M. Moseley et al. *v.* Louise Larson.

1. HUSBAND AND WIFE. *Homestead. Conveyance. Code 1892, § 1983. Failure to join in deed.*

Under Code 1892, § 1983, so providing, a conveyance of his homestead by a husband, in which the wife did not join, is not valid or binding, if he be living with his wife.

2. SAME. *When living separate. Grantee's fraud.*

Such a deed is void, even if the husband be not living with his wife, if at the time of its execution the husband was *non compos mentis* touching all matters connected with and all duties and obligations owing to her and mentally incapacitated to execute the deed; and the grantee who accepts such a deed from him, paying therefor largely less than the value of the land, is himself guilty of a fraud upon the wife.

3. SAME. *Concrete case.*

Where a husband, who was insane touching the character and conduct of his wife, conveyed his homestead, worth four thousand dollars, for a consideration of five hundred dollars, in which conveyance the wife did not join, said conveyance was a fraud on the wife, and void.

4. SAME. *Equity. Jurisdiction. Ejectment. Injunction.*

Where a conveyance of the homestead was executed by the husband when he was *non compos* as to all duties owing to his wife, and in fraud of her rights, a court of equity has jurisdiction to enjoin proceedings in ejectment by the grantee against her, and to cancel the deed as a fraud on her rights in the homestead.

5. SAME. *Divorce. Alimony. Suit money. Insanity no defense.*

Where a husband conveys the homestead when *non compos* as to his duties to his wife, and in fraud of her interest, and, in a suit to enjoin an ejectment by the purchaser and to cancel the deed, the husband answers by cross-bill praying a divorce, she is entitled to suit money and to alimony, *pendente lite* and permanent, notwithstanding the husband's insanity, and the sum allowed may be a lien on the homestead superior to any claim of the purchasers for reimbursement.

6. SAME. *Suit to enjoin ejectment and cancel deed. Multifariousness.*
Where a husband conveys the homestead in fraud of his wife, a
suit by her to enjoin an ejectment by the purchasers, and to can-
cel the deed as a fraud, is not multifarious.

FROM the chancery court of Harrison county.

HON. THADDEUS A. WOOD, Chancellor.

Mrs. Larson, the appellee, was complainant, and Moseley and
others (including John Larson, the complainant's husband),
the appellants, were defendants there. From a decree in com-
plainant's favor the defendants appealed to the supreme court.

Complainant prayed for an injunction against the further
prosecution of an ejectment suit, for the cancellation of the
deed from John Larson to Moseley and Murphy, for alimony
for her support and maintenance, alimony *pendente lite* and
permanent alimony, and for attorney's fees, and asked that
these allowances be fixed as a lien upon said homestead prior to
any claim Moseley and Murphy might have against said home-
stead or against said John Larson for reimbursement. Defend-
ants Moseley and Murphy demurred to the bill, and their de-
murrer was overruled. Defendant Larson answered the bill,
and made his answer a cross-bill praying for divorce and ask-
ing that the deed to Moseley and Murphy by him be ratified
and confirmed.

[For a previous litigation between the parties, see *Larson* v.
*Larson,* 82 Miss., 116, a suit by the present complainant, which
failed for want of personal service of process on the husband,
John Larson.]

*Harper & Harper,* for appellants.

The bill is multifarious, and for that reason alone the de-
murrer should have been sustained to it.

The bill cannot be maintained on the ground that it is a
bill to remove clouds from the title. Mrs. Larson has no title,
never had a title, and does not claim to have a title to the parcel
of land in question.

The wife has no property interest in the homestead where the title thereto is in the name of the husband; and having no property interest, she cannot invoke the aid of a court of equity to protect property rights which are imaginary and have no actual existence. Why should she be allowed to litigate as a complainant touching the homestead when she has no property therein? The court cannot give her any property rights in the homestead, and hence she has nothing to ask protection for, nothing to gain by litigation, and has no standing in court. *Thoms* v. *Thoms*, 45 Miss., 263; *Duncan* v. *Moore*, 67 Miss., 136; *Pounds* v. *Clarke*, 70 Miss., 253; *Massey* v. *Womble*, 69 Miss., 347; *Gatlie* v. *New Orleans, etc., Co.*, 77 Miss., 754.

Alimony cannot be decreed against an insane husband, for the reason that *he is not in fault;* his insanity is his misfortune, and not his fault; and his misfortune cannot be taken advantage of by the wife to procure alimony. The granting of alimony is *always founded upon the idea of wrongdoing by the husband,* such as neglect, cruelty, adultery, desertion, etc.; *never on the idea that his affliction and his misfortune make him liable therefor. This is clear when we remember that originally* alimony was merely an incident to a divorce proceeding. To justify the granting of alimony there must always appear wrongdoing or neglect on the part of the party to be charged. Can it be said that an insane man has done wrong or that he has been guilty of neglect? Touching this matter, see Woerner's Am. Law of Guardianship, p. 481.

The case under consideration is readily distinguishable from the case of *Scott* v. *Scott*, 73 Miss., 575.

*Ford & White,* for appellee.

The true rule is that the wife is entitled to alimony whenever there is a separation without her fault. 1 Bish. on Mar., Div., and Sep., sec. 1253; *Garland* v. *Garland*, 50 Miss., 694. The rule is the same where the separation is caused by the insanity of the husband. *Ib.*

Alimony is but another term expressing the right of the wife to support by the husband when they are living together, and out of his estate when living apart. This right grows out of the marriage contract, and is not affected by the insanity of either party. "The visitation of God whereby a husband or wife becomes insane does not change the rights and duties which the parties sanely assumed at their marriage." · 1 Bish. on Mar., Div., and Sep., sec. 1259.

"Divorce being a civil proceeding, a suit for divorce may be maintained against an insane person just as other civil suits. Both in reason and authority insanity may excuse an act otherwise unlawful, but where it is not it is no defense against the injured person's claim for redress. To deny the law's justice to the sane one because of the other's insanity would be to cast in part on the former the burden which God has laid wholly on the latter." 2 Bish. on Mar., Div., and Sep., sec. 518.

So if complainant was seeking a divorce, the insanity of her husband would be no bar to her suit, and it is well settled in this state that a bill for maintenance or alimony may be maintained independent of any prayer for divorce. *Garland* v. *Garland,* 50 Miss., 694; *Dewees* v. *Dewees,* 55 Miss., 315; *McFarland* v. *McFarland,* 64 Miss., 449; *Verner* v. *Verner,* 62 Miss., 260; *Scott* v. *Scott,* 73 Miss., 575.

It is too well settled to cite authorities to show that an insane person is liable on his contracts made while sane, and it is settled by an unbroken line of authorities that a lunatic without a guardian may be sued both in the common-law courts and courts of equity. 16 Am. & Eng. Ency. Law, 601; *Ex parte Northington,* 79 Am. St. Rep., 317; *Hines* v. *Potts,* 56 Miss., 347.

The contention of the counsel that the cross-bill is multifarious cannot be maintained. The chancery court takes jurisdiction for all purposes. A decree for alimony would be of little value to appellee without the other relief sought, while the right to a decree canceling the deed is dependent on the

right of appellee to a decree for alimony or for support; so it is apparent the different matters of relief sought are so interdependent that full relief could not be had without an adjustment of all the matters in controversy presented by the bill.

The facts in this case are identical with those in *Scott* v. *Scott,* 73 Miss., 575, where the wife, who had been driven from home by the husband, filed a bill against the husband and his vendee of their homestead seeking a cancellation of the deed.

Argued orally by *A. Y. Harper,* for appellant, and by *W. A. White,* for appellee.

Cox, J., delivered the opinion of the court.

The facts averred in appellee's original bill and reiterated in her cross-bill, which are confessed by the demurrer, show the following: (1) The separation of Louise Larson, appellee, complainant in the original bill, and defendant, John Larson, being husband and wife, because of the morbid jealousy of defendant, Larson, and his insane delusions touching the character and conduct of his said wife, and without fault on part of complainant. (2) A conveyance by defendant, John Larson, to defendants, Moseley and Murphy, of the family homestead, worth $4,000, for a consideration of $500, made while defendant, John Larson, was so living apart from complainant, Louise Larson, but while the latter was occupying the said homestead, and made while defendant, Larson, was mentally insane touching the character and conduct of said wife, complainant below and appellee here, and touching their family life, and all duties and obligations connected therewith or relating thereto. (3) An action of ejectment by defendants, Moseley and Murphy, against complainant, Louise Larson, to oust her from the homestead, of which she is now in possession. (4) Repeated efforts by defendant, Larson, in his answer to complainant's bill, at the procurement of defendants, Moseley and Murphy, to ratify and confirm to them his conveyance of the said homestead.

On these facts we hold the conveyance of the homestead by Larson to Moseley and Murphy to be void, because—first, Larson was at least partially, and touching all matters connected with his said wife, and all duties and obligations owing to her, *non compos,* and mentally incapacitated to bind himself by conveyance of the homestead; second, because the wife did not join in the conveyance; third, because the taking of the conveyance by appèllants, under the facts averred in the bill, was a gross fraud upon appellee.

We hold that appellee is entitled to remain in possession of the homestead, free from disturbance, molestation, or annoyance by appellants; that her right to occupy the homestead, while not an estate, is an exceedingly valuable privilege, highly favored by the legislation of the state, in pursuance of an enlightened and most beneficent public policy, and not to be destroyed or impaired by a narrow or strained construction; that the jurisdiction of a court of equity may be successfully invoked in such a case as the one at bar; and that, in order to appellee's full enjoyment of her rights, she is entitled to have appellants perpetually enjoined from prosecuting their action in ejectment, and to have their pretended deed canceled as a fraud and a menace to her peaceful and undisturbed enjoyment of her rights in the homestead. We further hold, upon the facts averred, that appellee is entitled to suit money and to alimony, *pendente lite* and permanent, and that the sums allowed for these purposes may be made a lien upon the homestead superior to any claim of appellants for reimbursement, and that appellants' deed to the homestead be canceled in order that the lien thereon may be made effective.

We cannot assent to the proposition that alimony cannot be allowed because the separation of appellee and her husband, John Larson, was induced by the insanity of the latter and without fault on his part. It was likewise without fault on part of the wife. The insanity of the husband cannot absolve him or his estate from the duty of maintaining the wife; and a

bill in chancery for alimony is always an appropriate remedy to secure to the wife this right, as against her husband and his estate, when, without fault on her part, she is left by her husband without provision for her support. *Garland* v. *Garland,* 50 Miss., 694; *Scott* v. *Scott,* 73 Miss., 575 (19 South. Rep., 589); Bishop's Mar., Div., and Sep., vol. 1, secs. 1253–1259. Insanity of defendant is no bar to suit for divorce. Bishop's Mar., Div., and Sep., vol. 2, secs. 516, 518, 522. We see no valid reason why it should bar a suit for alimony.

There is no merit in the contention that the bill is multifarious. The several matters litigated are so related to one common subject that one cannot be well determined without the other. All questions raised by the bills and demurrer should be adjudicated in one suit, that complete justice may be done the complainant.

The bill is mantainable in its full scope. The demurrer was rightly overruled.

*The decree is affirmed.*