PINK WOOD ET AL. *v.* FRANK N. BOWLES.

[46 South., 414.]

HOMESTEAD. *Exemption. Partition. Rents. Charges on share.*

    A tenant to whom in partition proceedings a share of land has been allotted, subject to charges for rents due from him to his co-tenants, may move onto the same and claim a homestead therein against his co-tenants for the debts so due them.

FROM the chancery court of Leflore county.

Hon. PERCY BELL, Chancellor.

Bowles, appellee, was complainant in the court below, and Mrs. Woods and others, appellants, were defendants there. From an interlocutory decree overruling their demurrer to the complainant's bill the defendants appealed to the supreme court.

In a former suit for partition of land owned by appellee, and appellants as tenants in common, Bowles, appellee, was decreed to be indebted to certain of the present appellants, his co-tenants, in a large sum for rents chargeable against him because of his occupation of the land and retention of its revenues. Partition of the land among appellee and appellants was decreed in said former suit, a decision which is reported, *Bowles et al.* v. *Wood,* 90 Miss., 742, 44 South., 169. On November 7, 1907, in said partition suit, the chancery court after correcting

the amount of the indebtedness due by Bowles to the appellants to whom he was adjudged to be indebted so as to conform to the judgment of the supreme court in the case, decreed such indebtedness to be a lien in favor of said appellants upon the share of land set apart in severalty to Bowles, the decree reciting that such lien should relate back to the year 1897, the date of the institution of the suit, and that, in case of Bowles' default in satisfying the sums due from him within thirty days from date of the decree, his share of the land should be sold by a commissioner. Default was made by Bowles, and the commissioner advertised the land for sale. To prevent the sale Bowles brought this suit and obtained a preliminary injunction against the appellants. His bill charged the foregoing facts, and further charged that on November 6, 1907, .the day before rendition of the aforesaid decree, he married, and on November 11, 1907, he and his bride moved upon the land and continuously thereafter have occupied it as their homestead; that the land is less than one hundred and sixty acres, the maximum statutory homestead extent of area, and worth less than $3,000, the maximum limit of a homestead; and, although unable to pay the amount decreed to be due by him to appellants, appellee claimed that under the circustances, his share of the partited land could not be subjected to the payment of his indebtedness to appellants.

*Gwin & Mounger,* for appellants.

· The learned chancellor erred in holding that the mutual demands of tenants in common for improvements and rents constituted merely simple debts of no higher degree than simple accounts or other personal and unsecured obligation.

The equitable lien of one tenant in common on the interest of the other tenants in common in the property, for indebtedness arising on account of improvements, discharge of incumbrance, payment of taxes, and receipts of rents or profits, arises pri-

marily out of the relation of the parties to each other and to the common property. It exists independently of statute law. 3 Pomeroy Eq. Jur., § 1234; 1 Jones on Liens, § 28; 25 Cyc., 660.

Such lien is entitled to the same consideration, and is entitled to bind the common property as efficiently, as any statutory lien. *Sinclair* v. *Sinclair*, 79 Va., 40; 19 Am. & Eng. Ency. of Law (2d ed.), 20, b.

In most of the states it is held that the lien arises *per se* from the occupancy of a part of the common property in excess of the tenant's proportionate share, and is created by implication from the voluntary act of the tenant in common who, in occupying the premises or receiving the rents from more than his share, does so with the implied understanding that he is creating such lien in favor of the other tenants in common. *Kingsland* v. *Chetwood*, 39 Hun (N. Y.) 602; *Scott* v. *Guernsey*, 60 Barb. (N. Y.), 163; *Beck* v. *Kallmeyer*, 42 Mo. App., 563; *Medford* v. *Frazier*, 58 Miss., 241; *Burns* v. *Dreyfus*, 69 Miss., 211, 11 South., 107; *Walker* v. *Williams*, 84 Miss., 392, 31 South., 450; *Bennett* v. *Bennett*, 84 Miss., 501, 36 South., 452; *Austin* v. *Barber*, 88 Miss., 553, 41 South., 265.

Can this well-established principle of law be disregarded and the lien be declared invalid, merely in order to allow to one tenant in common a homestead exemption in the common property in derogation of the rights of the other tenants in common? The authorities would seem to indicate to the contrary. See *McGrath* v. *Sinclair*, 55 Miss., 89; *Lewis* v. *White*, 69 Miss., 352, 13 South., 349, 30 Am. St. Rep., 557; *Ferguson* v. *Speith*, 13 Mont., 487.

It is hardly necessary to cite authority to support the self evident proposition that one cannot assert a homestead exemption in land which is, in whole or in part, another's against the title of such other. As against creditors the occupying tenant in common cannot claim a floating exemption in the whole estate equal

to his undivided interest therein. *Lewis* v. *White, supra; Chapman* v. *Machine Co.,* 78 Miss., 438, 28 South., 735; *Kenoye* v. *Brown,* 82 Miss., 607, 35 South., 163.

Appellee is under the erroneous impression that he acquired some extraordinary right by marrying on the day before the final decree was rendered and by occupying as a homestead his allotted share after the decree was rendered but before the date of the sale provided for in the decree. And, in support of the same, he relies on the case of *Trotter* v. *Dobbs,* 38 Miss., 198. But in that case execution had been levied on the property of the debtor, an unmarried man, and a sale advertised under the levy. On the day of sale, but before the sale took place, the judgment debtor, already in occupancy of the land, married and thereby qualified as an exemptionist at the time of the sale. It was held that as against his exemption the sale was void, not because he had qualified as an exemptionist after the levy, but because he was a qualified exemptionist at the time of the sale. The result would have been the same if his marriage and occupancy related back to the time preceding the rendition of the judgment as was the case in *Jones* v. *Hart,* 62 Miss., 13. The consideration of the debt upon which judgment was rendered, and under which execution was issued, in the case of *Trotter* v. *Dobbs, supra,* arose from the relation merely of creditor and debtor in a contract matter. The consideration of the obligation of appellee, Bowles, in the instant case arose from the relation of the tenants in common in dealings in regard to the common estate, and was created by the well settled principles of equity. If a homestead exemption cannot be asserted in partnership real estate by any member of the partnership, even in case where as a result of the death of one partner and dissolution of the partnership the title has descended to the survivor, as in *Robertshaw* v. *Hanway,* 52 Miss., 713; and if an attorney's lien may be recognized and enforced upon a specific fund even as against an exemption claim of the owner against the attorney, in certain circumstances, as held in *Halsell* v. *Turner,* 84 Miss., 432, 36 South.,

531; then certainly the appellants are entitled to the enforce-
ment of their just demands against appellee's share in the
common estate.

The appellant's lien existed before the appellee and his wife
moved upon the premises. Hence the appellee's claim of ex-
emption should not be allowed to interfere with an already vested
right of appellants existing against the property before it became
a homestead. *Hambrick* v. *Jones,* 64 Miss., 240, 8 South., 176.

While it is true that, in the case of *Dulion* v. *Harkness,* 80
Miss., 8, 31 South., 416, this court held that the homestead ex-
emption is operative against legal process and similar process
of the chancery court, yet, because of the relationship of the ap-
pellee and appellants and because of the rendition of the decree
before appellee made his share his homestead, we contend that
the share should be liable for the payment of the indebtedness
justly due to appellants, since the lien in favor of appellants at-
tached to the share before it became a homestead.

*Hugh C. Watson,* on the same side.

In settling the equities between co-tenants it was early held
that equity would fix a lien on the share of the occupying tenant
who had collected rents in excess of his portion; and such is still
the law. *Hannan* v. *Osborne,* 4 Paige, 336; *Scott* v. *Guernsey,*
48 N. Y., 106; *Walker* v. *Williams,* 84 Miss., 392, 36 South.,
450; *Bennett* v. *Bennett,* 84 Miss., 493, 36 South., 452.

Appellants contend that the joint estate consists of a corpus
made up of the land and the rent flowing from it; that he who
consumes the rent of his co-tenant is encroaching upon that por-
tion of the corpus belonging to his co-tenant; and that, therefore,
the co-tenant thus injured should have an equitable lien enforced
as a charge against the part of the common property or corpus
left belonging to the wrong-doer.

In the case at bar the lien was fixed on the share of appellee
from the date of the filing of the bill, long before appellee's mar-
riage and long prior to the setting up of his homestead claim.

Such being the case, his claim of homestead exemption should not have been allowed.

*S. R. Coleman,* for appellee.

At an early date in our state's jurisprudence this court held that a judgment debtor may successfully interpose his claim of homestead exemption as against the execution creditor at any time before the actual sale of the homestead. *Trotter* v. *Dobbs,* 38 Miss., 198. And such is still the recognized law. *Dulion* v. *Harkness,* 80 Miss., 8, 31 South., 416.

Our statute law in regard to partition provides that a lien created by a party shall be binding upon his share in partition; and that owelty may be declared a lien; and that in certain cases a solicitor's fee may be made a lien on the several shares of the parties concerned. But there is nothing in the statute which authorizes a simple personal indebtedness of one party to another to be made a lien by decree of court.

That the learned chancellor did not construe his decree in the partition suit as creating a lien in favor of appellants against appellee's share, is evidenced by his overruling the appellants' demurrer in the present case.

MAYES, J., delivered the opinion of the court.

It has been the unbroken authority in this state, since the decision of the case of *Trotter* v. *Dobbs,* 38 Miss., 198, that a judgment debtor may successfully interpose his claim of exemption as against the execution creditor at any time before actual sale, if the right to claim exemption exists at that time. In the case of *Dulion* v. *Harkness,* 80 Miss., 9, 31 South., 416, 92 Am. St. Rep., 563, it is held that there is no difference between judgments at law and decrees in equity as to this right. In the case now before the court the contention is that, because the claims forming the foundation of the decree were for rents and profits due the appellants and arising out of the common estate owned by them before partition, and because the court in making the

decree for partition in kind adjudged certain amounts to be due appellants as rents and profits owing them by appellee, and made the sum so adjudged a charge upon the separate interest of appellee after partition, a different rule is to be applied. We cannot assent to this. The decree is subject to be defeated in its execution by the same things which would defeat any other decree or judgment. If the property claimed to be exempt is of greater value or quantity than the judgment debtor is entitled to claim, the bill does not show it; and it is therefore a matter of proof, and not the proper subject of demurrer.

The court below having overruled the demurrer, its action is affirmed, and the cause remanded, with leave to answer in thirty days after mandate filed.

*Affirmed.*

WHITFIELD, J., took no part in the decision of this case.