FELDER *et ux v.* McCORMICK.

(In Banc.   Nov. 10, 1941.)

[4 So. (2d) 363.   No. 34721.]

**R. B. Reeves,** of McComb, and **Jas. A. Wiltshire,** of Magnolia, for appellants.

Luther W. Felder and Cassidy & McLain, all of Mc-Comb, for appellee.

Smith, C. J., delivered the opinion of the court.

The bill of complaint herein was filed by the appellants. A demurrer thereto and a motion to strike it from the files were interposed by the appellees, the motion alleging that the bill is one of review and was filed without leave of court more than two years after the decree sought to be reviewed was rendered. No ruling appears on the demurrer, but the motion was considered and sustained.

The complainants in the bill are Alonzo Felder and his wife, Pallie Felder, and the defendants thereto are the administratrix of the estate of Bessie Felder, deceased, and the Sheriff of Pike County. Its allegations in sub-

stance are as follows: In 1937, Bessie Felder was granted a divorce by the court below from Alonzo Felder, her then husband, and was awarded alimony from him in sum of $550, payable in three installments, a lien for which was charged on land owned by Felder. Thereafter Alonzo married Pallie Felder, who was not a party to the alimony decree, and the land described therein then became, and now is, their homestead because of their residing thereon. Bessie Felder is now dead, but her administratrix is attempting to sell the land under the alimony decree (for what unpaid portion thereof does not appear), which (the bill charges) should not be done for the reason that Alonzo's liability for the alimony decreed ended with Bessie's death. The prayer of the bill is for the correction of the decree, if necessary, in accordance with the alleged facts, and for an injunction perpetually restraining its execution.

A bill of review lies only (1) to correct an error of law in a decree apparent on the record and (2) by leave of court on new material matter discovered after the decree was rendered "to prove what was before in issue, and not to prove a title not before in issue; not to make a new case, but to establish the old one." Vaughan v. Cutrer et al., 49 Miss. 782; Brown v. Wesson, 114 Miss. 216, 74 So. 831; Grif. Miss. Chan. Prac., Sec. 635 et seq. The allegation that Mrs. Bessie Felder has died since the rendition of the decree and the claim that, therefore, the land cannot be sold for the payment of her alimony, set forth a new case and not something that could have been decided when the alimony decree was rendered. Moreover, Mrs. Pallie Felder is alleged not to have been a party to that decree. If this is true, the decree is not binding on her, and she may assert her homestead right if any she has, in the land in bar of its sale under the decree by an ordinary original bill in which her husband may join, although he was a party to the decree. McDonald v. Sanford, 88 Miss. 633, 41 So. 369, 117 Am. St. Rep. 758, 9 Ann. Cas. 1.

The bill of complaint is not one of review and should not have been dismissed as such. Whether the allegations of the bill disclose a case for the relief prayed for therein is not presented, and no opinion is expressed thereon.

Reversed and remanded.