FELDER *et ux. v.* FELDER's ESTATE *et al.*

(Division A. May 31, 1943. Suggestion of Error Overruled Sept. 27, 1943.)

[13 So. (2d) 823. No. 35365.]

James A. Wiltshire, of Magnolia, for appellants.

Cassidy & McLain, of McComb, for appellees.

McGehee, J., delivered the opinion of the court.

This case is here on its fourth appeal. As now presented, it involves the sole question of whether or not the alleged homestead rights of the appellants, Alonzo Felder and his second wife, are paramount to a specific lien fixed by the court on the land in controversy in favor of his first wife to secure the payment of an award of alimony made to her upon the granting of a decree of divorce against him because of alleged cruel and inhuman treatment, where it is shown that within approximately two

weeks after the rendition of the divorce and alimony decree he remarried and moved the second wife into the home with him on said land before a sale thereof could be made by the commissioner who had been appointed by the court and directed to sell the land for the payment of such alimony in the event default should be made in the payment thereof.

The proof discloses that the court below, after having denied a divorce to the appellant Alonzo Felder, granted such a decree in favor of his first wife, Bessie McCormick Felder, on December 7, 1937, upon her cross-bill and proof made thereon, and also awarded unto her the sum of $500 as permanent alimony and $50 as an attorney's fee, payable $100 in cash, $200 on February 10, 1938, and $250 on December 7, 1938, fixed a lien in her favor upon the land in controversy for the payment thereof, and appointed the clerk as a commissioner to sell the land if default should be made in either of such payments. A lis pendens notice had theretofore been given on August 2, 1937, pursuant to Section 2325, Code of 1930, and which notice described the land in controversy and stated that a lien was sought to be enforced against it for alimony, attorney's fees and court costs in the case—a procedure sanctioned in the case of Gallaspy's Sons Co. v. Massey, 99 Miss. 208, 54 So. 805, Ann. Cas. 1913D, 947, wherein it was held that a wife's right to alimony constitutes such an interest in her husband's real estate as that she may take advantage of the lis pendens statute to protect such interest as a vested right to maintenance therefrom. Then, on December 22, 1937, Alonzo Felder married his present wife, Pallie Felder, who, as heretofore stated, immediately moved into the home where he resided on said land. He thereafter defaulted in the payment of the alimony owing to his former wife, Bessie Felder, and with the result that the commissioner was directed to proceed with the sale of said land and the same was finally sold on May 1, 1939, when the former wife, Bessie Felder, became the purchaser at a price equal to the amount of her alimony, attorney's

fees and costs. Upon due notice to Alonzo Felder, in whom the title of the land still remained except for the sale by the commissioner as aforesaid, and upon a hearing had in that behalf, the commissioner's sale of the land to the said Bessie Felder was duly confirmed by the court on December 12, 1939. During the pendency of an appeal to this court by Alonzo Felder from the decree confirming such sale, it appears that the said Bessie Felder died on June 8, 1940, leaving a last will and testament, whereby she devised and bequeathed said land to her mother, Mrs. Callie McEwen McCormick, subject to any indebtedness that may be owing by her estate. That appeal to this court was thereafter dismissed for the want of prosecution, as had been true of a former appeal from the decree awarding the alimony and fixing a lien upon said land for the payment thereof. Thereafter, a writ of possession was issued and served at the instance of the said Mrs. Callie McEwen McCormick and with the result that the present suit was filed by the said Alonzo Felder and his wife Pallie Felder on December 9, 1940, seeking to cancel the alimony decree rendered on December 7, 1937, whereby a lien had been fixed on said land for the payment of the sums due under such decree, and to enjoin the sheriff from executing the writ of possession which he had served upon the complainants herein, and also asking for general relief against the commissioner's sale, deed of conveyance and the claims of the estate of Bessie Felder, deceased, and of the said Mrs. Callie McEwen McCormick, so as to protect the alleged homestead rights of the complainants in the land in controversy. This suit was dismissed by the court below upon a motion to strike the bill of complaint as being in the nature of a bill of review and filed more than two years after the decree sought to be reviewed was rendered. The cause was again appealed to this court, and the case was reversed and remanded for the reason that it was alleged in the bill of complaint that after the rendition of the decree of divorce and alimony against Alonzo Felder and the lien was fixed against his

land, he married the complainant, Pallie Felder, who was not a party to the alimony decree, and that the land described therein had become the homestead of the complainants; that Bessie Felder had died and her administratrix was attempting to sell the land under the alimony decree, and that this should not be done for the reason that Alonzo Felder's liability for the alimony ended with the death of his former wife, Bessie Felder. This court also held on that appeal that the bill of complaint was not one in the nature of a bill of review and should not have been dismissed as such. Felder et ux. v. McCormick, 191 Miss. 851, 4 So. (2d) 363. Upon remand, the cause was again heard upon an amended bill of complaint, answer and proof, and instead of it being shown that an attempt was being made to sell the land to collect alimony due the said Bessie Felder, deceased, the proof disclosed that the land had already been sold prior to her death and the claim for alimony paid and discharged when she became the purchaser of the land at the commissioner's sale, as hereinbefore stated, unless the land was exempt from sale as a homestead when sold by such commissioner.

Thus, it will be seen from the foregoing recitals of the proceedings had in the case that the decree awarding alimony against Alonzo Felder in favor of his first wife, Bessie Felder, and fixing a lien on the land for the payment thereof became final as to the parties to said cause upon the dismissal of the first appeal; that the commissioner's sale of the land to Bessie Felder and the decree confirming such sale likewise became final upon the dismissal of his second appeal; and that as heretofore stated the sole question now left for decision is whether or not, in view of the fact that his second wife, Pallie Felder, was not a party to any of the proceedings had prior to the filing of the present suit, she and the said Alonzo Felder, or either of them, are now entitled to have cancelled the commissioner's sale of the land and the decree confirming the same as being in violation of the

homestead rights alleged to have been acquired by them subsequent to the rendition of the alimony decree of December 7, 1937, and prior to the sale of said land by the commissioner pursuant thereto.

Section 1421, Code of 1930, provides, among other things, that "When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders . . . touching the maintenance and alimony of the wife, or any allowance to be made to her, and may, if need be, require sureties for the payment of the sum so allowed . . . ''

In 17 Am. Jur. 487, Section 638, it is said "In a number of jurisdictions statutes have been enacted expressly providing that a decree for alimony may be declared a lien on the real estate of the husband. In the absence of such authorization most authorities hold that the power to declare such a decree a lien inherently exists in a court of equity. Such inherent authority is held not to be abridged by the fact that the legislature has made provision for the requirement of security for the payment of an award.'' Our own court recognized the existence of this power in a court of equity in the cases of Moseley v. Larson, 86 Miss. 288, 38 So. 234, and Gallaspy's Sons Company v. Massey, supra, to affix a specific lien upon the real estate of the husband to enforce the payment of alimony to the wife. And, it is also stated in 17 Am. Jur. 490, Section 641, that "There seems to be no doubt that a claim for alimony may be enforced by the court against any exemptions which the statute grants the husband, if the court provides for such enforcement in its decree.'' Citing: Nunn v. Page, 134 Ky. 698, 121 S. W. 442, 135 Am. St. Rep. 429; Rhoades v. Rhoades, 78 Neb. 495, 111 N. W. 122, 126 Am. St. Rep. 611; Harding v. Harding, 16 S. D. 406, 92 N. W. 1080, 102 Am. St. Rep. 694; Schultz v. Schultz, 133 Wis. 125, 113 N. W. 445, 126 Am. St. Rep. 934; Stanley v. Sullivan, 71 Wis. 585, 37 N. W. 801, 5 Am.

St. Rep. 245. Annotations: 11 A. L. R. 123; 106 A. L. R. 669. The homestead exemption is granted as a family shield and can not be employed by either the husband or wife to the detriment of the other. This text also states that ''Where a decree of divorce and for the payment of alimony is granted the wife, the derelict husband cannot defeat the collection of alimony by remarrying and claiming the benefit of the exemption law.'' The same rule is stated in 29 C. J. 874. The section of Am. Jur. above referred to further states that, as shown in the annotations: 11 A. L. R. 128; 106 A. L. R. 669, supra, that ''A distinction has been made, however, in a few cases where the husband had children to support and claimed the exemption for their benefit, while the wife was free from such encumbrances.''

In 29 C. J. 873, Section 228, it is stated that ''In some jurisdictions it seems to be held without qualification that a husband cannot claim exemption of homestead against levy of execution on his land from forced payment of a judgment for alimony. In others, a homestead is exempt from the levy of an ordinary execution issued on a general judgment for alimony in the same manner and to the same extent as in cases of execution on other judgments, unless, as may be done, the amount allowed is decreed to be a lien upon the property . . . '' Citing Jackson v. Coleman, 115 Miss. 535, 76 So. 545; Moseley v. Larson, 86 Miss. 288, 38 So. 234.

The appellants here rely strongly upon the case of Jackson v. Coleman, supra, wherein the husband claiming the homestead exemption was shown to have had three children, two of whom still lived with and were dependent upon him for support and no lien was fixed on the land in the decree awarding alimony to the wife and to secure the payment thereof. In that case, the court said [115 Miss. 535, 76 So. 547] : ''It seems to be the general rule that a homestead is not subject to the demand for alimony unless there are no children. Biffle v. Pullman, 114 Mo. 50, 21 S. W. 450; Stanley v. Sullivan, 71 Wis. 585,

37 N. W. 801, 5 Am. St. Rep. [245], 246; Ex parte Silvia, 123 Cal. 293, 55 P. 988, 69 Am. St. Rep. 58; Byers v. Byers, 21 Iowa, 268.'' It upheld the homestead exemption claim of the husband under such circumstances, and it would seem, from the language employed, that such decision was also based on the ground that neither the pleadings in the divorce case nor the decree awarding the alimony made any reference to the land which constituted the homestead of the husband and his two children, and the ground that consequently no lien had been fixed on the land by the decree for the payment of the alimony to the wife. The court also cited the case of Moseley v. Larson, supra, which had held that ''the decree might be made a lien upon the homestead, if ordered by the court in its judgment granting the alimony,'' and the opinion of the court suggests, although not expressly stating, that if the pleadings had described the land and the decree had shown the necessity for and declared a lien thereon for the payment of the alimony, the wife would have been entitled to have enforced her demand against the same, notwithstanding the fact that the husband had the two children living with and dependent upon him for their support, even though the court was of the further opinion that the homestead could not otherwise be sold except ''when the purchase money thereof forms, in whole or in part, the debt upon which the judgment is founded . . . for non-payment of taxes or assessments, or for any labor done thereon, or materials furnished therefor, or when the judgment is for labor performed or upon a forfeited recognizance or bail bond.'' Citing Section 2156, Code of 1906, now Section 1775, Code of 1930. Moreover, in that case, the homestead rights claimed by the husband existed in him and for the benefit of his children at the time of the rendition of the decree for alimony in favor of the wife, and such fact was doubtless responsible for the failure of the court to fix a lien thereon for its payment; whereas, in the case at bar, the husband, Alonzo Felder, was living on the land, possessing no homestead rights

therein, at the time of the rendition of the alimony decree and the fixing of the specific lien on said land for the payment thereof under the circumstances hereinbefore set forth, and there were no children of said marriage nor is he shown to have had any other dependent.

Since it is true that Section 1421, Code of 1930, authorizes the court, if need be, to require sureties for the payment of the alimony allowed, and it has been held that a wife's right to alimony constitutes such an interest in her husband's real estate that she is entitled to have a lien fixed on it to enforce her vested right to maintenance out of his property and to have a lien established thereon for the alimony whether the property was formerly their homestead or not, it would seem to follow that the authority granted to the court in the premises could not be defeated by any subsequent act of the husband in contravention of her rights under a specific lien fixed on his property, and especially when such lien is declared at a time when no homestead rights could be effectually claimed by him therein.

In a general sense, alimony is an allowance authorized by law to be made to the wife out of her husband's estate for her support. The amount of his property, whether exempt or not from sale under an ordinary execution, is usually taken into account in determining such allowance. When the alimony is fixed as a lien on the homestead, which may properly be done where there are no children, the lien becomes an encumbrance running with the land; that is to say, the property becomes virtually impounded as security under the inherent power of equity to enforce payment of an alimony award by that means in lieu of requiring sureties for the payment of the sum so allowed, as provided for by Section 1421, Code of 1930, supra, it being often true that the husband would be unable to furnish the sureties when ordered to do so, although he may own property on which a lien fixed by the court would afford ample security for the payment of the award made.

It was held in the case of Minor v. Interstate Gravel Co., 130 Miss. 553, 94 So. 3, that where the husband contracted to sell certain land while it was not a homestead, a subsequently acquired homestead right of the wife was subject to the covenant to sell which existed before the land became a homestead, and that consequently the effect of a deed signed alone by the husband was to convey the land as of the date of the contract of option to purchase, on the ground that such covenant ran with the land. By analogy, when we consider that a wife's right to alimony constitutes an interest in her husband's real estate, we are of the opinion that when the court fixed a specific lien upon the land of the husband in the case at bar as security for the payment of the alimony to his former wife, the same constituted an encumbrance running with the land such as to render subject thereto the subsequently acquired homestead rights of the present wife in this case.

While a homestead is exempt from levy or sale under an ordinary execution or attachment for the collection of a debt, it should be noted that a decree for alimony is not a debt in the strict sense of that term, but rather a judgment calling for the performance of a duty made specific by the decree of a court of competent jurisdiction. Consequently, a constitutional prohibition against imprisonment for debt does not prevent a commitment to prison for nonpayment of alimony. The chancery court has the inherent power where, in its judgment, it is deemed necessary for the enforcement of its orders to remand a defendant to the custody of the sheriff until he has executed the bond for the payment of alimony required of him by decree of the court. Edmonson v. Ramsey, 122 Miss. 450, 84 So. 455, 10 A. L. R. 380. The claim for alimony is not sued on as a debt to be put in the form of a judgment in the ordinary sense but rather a legal means of enforcing the husband's obligation to his wife and children; a duty in which not only the actual beneficiaries thereof, but the public as well, are interested.

It is imposed upon him by virtue of the marriage relation, for reasons of public policy, and not as a debt resulting from some business transaction or other contractual obligation. Nor is it a debt in the sense that the husband may obtain a discharge in bankruptcy for liability on account thereof. In other words, the obligation is deemed by the law to be one of a higher degree than the ordinary contractual obligation into which the exemption laws may be presumed to have been written as a part of the undertaking whereby liability for a simple contract debt is incurred; and therein lies the distinction between the case at bar and the following: Trotter v. Dobbs, 38 Miss. 198; Irwin v. Lewis, 50 Miss. 363; Letchford v. Cary, 52 Miss. 791; Jones v. Hart, 62 Miss. 13; Dulion v. Harkness, 80 Miss. 8, 9, 31 So. 416, 92 Am. St. Rep. 563; Woods v. Bowles, 92 Miss. 843, 848, 46 So. 414, 131 Am. St. Rep. 559, and Barnes & Co. v. Buchanan, 108 Miss. 822, 67 So. 462, the first four of which cases involved the question of whether the land could be validly sold under execution on judgment for debt and the last three whether specific liens fixed by decree in equity to enforce similar rights could be enforced against homestead rights acquired after the rendition of the judgment or decree but before sale made thereunder, and in all of which cases the homestead exemption claims were sustained.

Therefore, we hold that the decree of the court below in declining to cancel and hold for nought the commissioner's sale and deed to the former wife, Bessie Felder, and in refusing to grant an injunction in favor of the appellants against the execution of the writ of possession issued against them in favor of the present owner of the title acquired under the commissioner's deed, and in dismissing the bill of complaint on the merits, was in all respects a correct decision and that the same should be affirmed.

Affirmed.