SCHAFFER *v.* SCHAFFER, et al.

In Banc.   May 22, 1950.

No. 37523  (46 So. (2d) 443)

Dudley W. Conner, for appellant.

Harmon Young, Ben Stevens, and L. Barrett Jones, for appellee.

**Lee, J.**

Mrs. J. C. (Katherine) Schaffer probated a claim for $16,341.04 against the Estate of John C. Schaffer. On a contest by the executrix, the court disallowed the claim in its entirety; and Mrs. Schaffer appealed.

The claim arose in this way: On May 5, 1931, a decree was entered by the Chancery Court of Perry County, in the case of J. C. Schaffer v. Mrs. J. C. Schaffer, which recited that an agreement had been previously entered into by the parties, and that Schaffer had executed and delivered a note for $2,200. The decree adjudged that he pay her monthly alimony of $125, as long as their son remained in college, or $100 monthly while the son was not in college. On the same date, another decree granted Schaffer an absolute divorce.

Subsequently, on November 4, 1931, on petition of Schaffer, the monthly alimony to her was reduced to $65. The decree adjudged that he was unable to pay more under the prevailing conditions. Thereafter, she instituted contempt proceedings on account of his failure to

pay. The court heard the same, and on May 11, 1935, adjudged that he was in default for $2,270, and ordered him to pay her $100 within ninety days.

There were no proceedings of any kind thereafter—no other contempt action—no decree of modification—and no payment by him.

On May 1, 1947, Schaffer died testate. His will was admitted to probate on May 21st following. The inventory showed $15,300, with his widow as the principal beneficiary. The first notice to creditors was published October 10, 1947, and thereafter, on March 18, 1948, the appellant probated her claim on account of alimony at the rate of $65 per month from November 1, 1933, to April 30, 1947, making a total of $10,530. To this was added six per cent compound interest of $5,811.04, thus aggregating the amount of the probate claim.

A number of grounds were interposed against the allowance of the claim, with the result that it was disallowed, as above stated.

The arguments, pro and con, advance various reasons for overturning, and vice versa, for sustaining the decree. We have duly considered all of these contentions, and now cut through to the heart of the case.

█ █ The decree for alimony recited that the agreement was made on "The—day of April 1931." Since this decree and the one for an absolute divorce bear the same date, it will be presumed that the former was granted first. Cf. Wilson v. Wilson, 198 Miss. 334, 22 So. (2d) 161, 23 So. (2d) 303. █ █ This decree for alimony was conclusive. 27 C. J. S., Divorce, Section 251, p. 1027. The wife had a vested right to the decreed alimony. Guess v. Smith, 100 Miss. 457, 56 So. 166, Ann. Cas. 1914A, 300; Felder v. Felder's Estate, 195 Miss. 326, 13 So. (2d) 823. █ █ While alimony is not a debt in the sense that a discharge therefrom can be obtained in bankruptcy, it is of a higher degree than an ordinary contractual obligation. Felder v. Felder's Estate, supra. Defaulted installments of alimony can be

recovered against the husband's personal representative. 27 C. J. S., Divorce, Section 255, p. 1034; 17 Am. Jur. 504. The claim was probatable as a decree. Section 568, Code of 1942. ▉ ▉ As a general rule, interest runs on alimony after it is due. 27 C. J. S., Divorce, Section 251, p. 1028.

However, ▉ ▉ a plea in bar was interposed, and was effectual to bar all claims more than seven years old on May 1, 1947, the date of decedent's death. Section 733, Code of 1942; Hollis v. Bryan, 166 Miss. 874, 143 So. 687.

▉ ▉ The court was in error in disallowing the claim in its entirety. It should have been allowed to the extent of alimony at the rate of $65 per month for seven years, together with interest at the rate of six per cent per annum after the maturity of each installment in the aggregate of $6,606.60.

Consequently, the decree of the lower court is reversed, and a decree will be entered here to effectuate the decision of the Court, that is, a decree for the appellant in the sum of $6,606.60 as of the date of the decree appealed from. Of course, this amount will bear interest from that date at the lawful rate of six per cent per annum.

Reversed and rendered.