(76 South. 940)

ROBERSON v. LITTLE et al.  (7 Div. 870.)

(Supreme Court of Alabama.  Nov. 15, 1917.)

1. LOGS AND LOGGING ⊜⇒3(15) — RIGHT OF REMOVAL OF TREES — ENFORCEMENT IN EQUITY.

Where the vendor by lawsuits, threats, and divers interferences has prevented the vendee from cutting and removing the trees and timber within the time limited in a deed, the vendee's right to a reasonable time thereafter in which to remove will be declared and enforced by an appropriate decree in equity.

2. LOGS AND LOGGING ⊜⇒3(9)—CONVEYANCE OF TIMBER—CONSTRUCTION.

Where a vendee entered on the land shortly after execution of deed to him limiting title to timber then suitable for marketable saw timber, and removed such timber, he could not, after the lapse of some years, return and cut trees which were not large enough for saw timber at the first cutting.

Appeal from Circuit Court, Cleburne County; W. W. Whiteside, Judge.

Bill by W. L. Little and others against Blake A. Roberson.  Decree for complainants, and defendant appeals.  Affirmed.

Hugh Walker, of Anniston, for appellant. Charles F. Douglass, of Anniston, for appellees.

SAYRE, J.  Appellee Little filed his bill complaining that he had bought and taken from appellant a deed to all the standing "timber and trees" on a certain described tract of land; that by the terms of the deed the timber and trees were to be cut and removed within a time thereby limited; that by lawsuits, threats, and divers interferences appellant had prevented him from cutting and removing the timber and trees on a large part of the tract within the time limited; that, having gone into possession a second time shortly before the expiration of the time within which the trees and timber were to be cut and removed, he cut some of the trees, but was unable to cut all of them within the time limited, and that, acting upon the theory that by reason of the appellant's interference he had been unable to cut the timber sooner and was entitled therefore to a reasonable time after the expiration of the time limited by his deed in which to take the timber, he had remained in possession cutting the trees and timber; that shortly thereafter appellant had brought an action at law against him under the statute for the sum of $12,000 for willfully and knowingly cutting trees without the consent of the owner, and that, on the facts stated, his defense against said suit was equitable and not available at law.  The prayer was that appellant be enjoined against the further prosecution of his action for damages and that he (appellee) be given by decree a reasonable time within which to cut and remove the remainder of the timber purchased by him.

[1] It is not deemed useful or necessary to enter upon a discussion of the evidence in the case.  In our judgment it satisfactorily establishes the fact that appellant by lawsuits, threats, and divers interferences, did prevent appellee from cutting and removing the trees and timber within the time limited in the deed whereby the right to cut and remove was vested in him, and that thus appellee's case is brought within the rule which appears to be uniformly recognized by the courts to this effect:  That where the vendee's failure to remove timber during the time stipulated in his deed has been due to interference by the owner of the soil, his right to a reasonable time thereafter in which to remove will be declared and enforced by appropriate decree in equity.  Halla v. Rogers, 176 Fed. 709, 100 C. C. A. 263, 34 L. R. A. (N. S.) 120, and authorities cited and stated in note to same case reported in 34 L. R. A. (N. S.) 120.

[2] The principle above stated is hardly denied in the brief for appellant.  His defense is resolved into some objections to its application in the circumstances of the present case.  By the terms of appellee's deed he had 10 years in which to cut and remove the timber.  Appellant contends that appellee's deed, upon fair interpretation, limited his title to the "trees and timber" standing upon the land and suitable for marketable saw timber, and that appellee, having entered shortly after the execution of the deed to him and having at that time cut and removed all such timber, may not be allowed, after the lapse of some years, to return and cut other trees which were not large enough for saw timber at the time of the first cutting.  We concur in appellant's interpretation of the deed (Huron Land Co. v. Davison, 131 Mich. 86, 90 N. W. 1034; Jacobs v. Roach, 161 Ala. 201, 49 South. 576), and in the postulated rule of conduct; but the evidence does not sustain his contention as to the facts.  The evidence shows to our satisfaction that after appellee had entered and cut a part of the timber conveyed to him, had then moved his mill away to more important business, and then, after the lapse of an interval had returned to cut the remainder, appellant deliberately and persistently interfered and prevented all further cutting; his purpose and understanding, as well as we can judge, being to prevent further cutting until the expiration of the stipulated term after which appellee would be without remedy.  On this consideration of the law and the facts we are of opinion that the chancellor's decree was entirely correct in principle; but the additional term in which the chancellor decreed that appellee might cut that part of the marketable saw timber left standing after his first cutting having lapsed pending this appeal, the decree will be here modified so as to give appellee four months from the date hereof in which to cut the timber to which he is entitled, and enjoining appellant against inter-

fering with his necessary and reasonable operations to that end. The court below will superintend the execution of the decree, and shall have all necessary power in the premises.

The decree is affirmed, and the cause will be returned to the circuit court in equity for such further orders as may be needful.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.