MINOR *et al. v.* INTERSTATE GRAVEL CO.

[94 South. 3, No. 22768.]

1. HOMESTEAD. *Prior covenants or incumbrances running with land defeat homestead exemptions subsequently arising.*

Under section 2146, Code 1906 (section 1821, Hemingway's Code), homesteads are exempt from sale under execution or attachment, but

prior covenants or incumbrances running with the land defeat homestead exemptions subsequently arising.

2. HOMESTEAD. *Husband's deed conveying homestead without wife joining therein not void, where made pursuant to contract entered into prior to marriage.*

   Under section 2159, Code 1906 (section 1834, Hemingway's Code), a deed to homestead is void unless signed by the wife, except as to a prior covenant or incumbrance executed by husband while single, or a deed given in pursuance of the prior covenant after marriage and occupancy as homestead.

3. HOMESTEAD. *Option to purchase is a covenant running with land enforceable against grantor after he marries and occupies land as homestead.*

   An option to purchase is a covenant running with the land, and is enforceable against the grantor before or after he marries and occupies it as homestead.

4. HOMESTEAD. *Covenant running with land is superior to homestead right acquired after execution of covenant.*

   A covenant running with the land is superior to a homestead right acquired after execution of covenant.

5. HOMESTEAD. *Deed executed pursuant to option to purchase valid and effective as of date of option.*

   Where an option to purchase land was given by a single man, who afterwards married and then deeded the land to optionee without his wife signing the deed, the conveyance is valid and effective as of the date of the option.

APPEAL from chancery court of Amite county.

HON. R. W. CUTRER, Chancellor.

Suit by the Interstate Gravel Company against B. S. Minor and others. Decree for complainant, and defendants appeal. Affirmed.

*Theo. McKnight,* for appellant.

The Law as to Homestead Rights.

Notwithstanding the contention of appellee that all of the contracts made by a man while single should supersede

the homestead right thereafter arising, we find this court saying, in 1859, in the case of *Trotter* v. *Dobbs,* 38 Miss. 200, that: "No legal right of the plaintiff, in the judgment rendered before the marriage, is impaired; because by the statute, his judgment, though generally a lien on all the property of the defendant, was subject to the restriction, that if he did not sell certain property of the defendant before he became a householder and had a family, it should be exempt from execution upon his afterwards assuming that relation. This was the effect of the statute exempting property from execution; it was a part of the policy of our laws, and the judgment was of course rendered subject to the rule established by the statute. If this be correct, it is immaterial at what time before the sale under execution, the defendant occupies the position of householder and head of a family. He becomes entitled to the benefit, by occupying the position at any time before his interest in the property is divested by sale; for until then, the land, to all intents and purposes, is his property."

As said by SIMRALL, C. J., in *Taylor* v. *Smith,* 54 Miss. 57: "The laws on that subject exempt from seizure and sale under attachment or execution, judgment or decree, a defined portion of the debtor's land, occupied by him, being the head of a family, as a home. It is a personal privilege of the debtor under Codes of 1857 and 1871, which may be lost by abandonment. Under section 1956, Code 1871, if the debtor has an inheritable estate, it will, on his death, descend to his widow and children as tenants in common. Subsequent legislation makes the estate, inalienable, without the joinder of his wife in the deed.

There are two attributes of a homestead since the Acts of 1873: First, exemption from seizure and sale, regardless of the nature of the debt, except for its purchase money; and regardless of whether the debt was contracted before or after marriage; second, inalienability without the joinder of the wife.

Following the case of *Trotter* v. *Dobbs,* above, this court said, in *Irvin* v. *Lewis,* 50 Miss. 367, in passing upon the

very question with reference to the exemption of the homestead from seizure and sale, which is here presented with reference to the conveyance thereof without the joinder of the wife, the following: "The argument made in behalf of the judgment creditors is, that at the date of the rendition of the judgments, and for some time after, there were liens upon the property, because Lewis was not, within the meaning of the statute, a householder and head of a family, and his subsequent marriage could not have the effect of divesting the liens." In response to which the court proceeds as follows: "Two things are necessary in order to consummate the right to the homestead: First, occupancy as a place of residence; second, by the head of a family and householder. If the debtor fulfills these conditions, then the premises, to the extent of the quantity and value named in the statute is exempt from seizure and sale. The law attaches to the ownership of the debtor that immunity. The privilege is both against seizure and sale. Although, therefore, the property might have been liable to levy and sale at the date of the rendition of judgment yet, if before either levy or sale, the property is impressed with the right of a homestead, the creditor can proceed no further. The very point was adjudged in *Trotter* v. *Dobbs,* 38 Miss. 198.

In *Letchford* v. *Cary,* 52 Miss. 793, it was said: "Mrs. Cary bases her right to the homestead on the ground that she actually resided on the land before the sale, and since, but her possession did not begin until after the recovery of the judgments under which the sheriff sold and Letchford became the purchaser. Letchford claims, on the other hand, that the judgments under which he purchased were liens upon the land before Mrs. Gary took up her residence upon them, and that her occupation cannot divest the lien. That question is met by the case of *Trotter* v. *Dobbs et ux.,* 38 Miss. 198. Trotter purchased the land under judgments rendered 25th and 26th of August, 1858. Dobbs had occupied the land about twelve months before the sale. On the day of the sale he married, became the head of a family and acquired the privilege of the homestead exemptions.

The substance of the reasoning of the court in favor of the exemption is that by the statute the judgment, though generally a lien on all the property of the defendant, was subject to the restriction that, if the creditor did not sell certain property before he became a householder and had a family, it shall be exempt from execution on his afterwards acquiring that relation." *Jones* v. *Hart,* 62 Miss. 13; *Irwin* v. *Lewis,* 50 Miss. 363; *Letchford* v. *Cary,* 52 Miss. 791; *Welcher et ux.* v. *Thompson,* 12 So. 828; *Dulion* v. *Harkness,* 80 Miss. 14; *Woods* v. *Bowels,* 92 Miss. 848; *Barnes & Co.* v. *Buchanan, et al.,* 67 So. 462.

Having followed the evolution of the homestead laws of Mississippi from our earliest cases down to the present, with reference to the attribute of exemption, we find the law now to be that, in all contracts made in this state is written the exemption statute. Let us next look at the second attribute: That the homestead cannot be conveyed without the joinder of the wife. *Hinds* v. *Morga,* 75 Miss. 571; *Railroad* v. *Singleterry,* 78 Miss. 772; *Hubbard* v. *Improvement Co.,* 81 Miss. 616; *Bowlin* v. *Lilly,* 85 Miss. 344; *Woods* v. *Campbell,* 87 Miss. 788; *McDoland* v. *Sanford,* 88 Miss. 633; *Young* v. *Ashley,* 86 So. 458; *Pounds* v. *Clarke,* 70 Miss. 263.

### End of Parallel.

Having traced a parallel of the exemption from debt, and of the inalienability without the wife's joinder of the homestead, we find that these two attributes of the homestead right, are, as they should be, the same; the present perfection of the exemption feature is that, "in all contracts made in this state is written the exemption statute, and no creditor has the right to complain;" the present perfection of the feature of inalienability without joinder of wife is that: In all options and contracts for sale of land made in this state is written in the public policy and the statute requiring the signature of the wife to the conveyance of the homestead, and although the maker of such option or contract of sale might have been single when he made the same, yet, if before it culminates in a conveyance, the property is

impressed with the homestead character, the prospective purchaser can proceed no further without the signature of his wife. And, applied to the claim of appellee would be, if anything, subject to the restriction that if Force did not decide to purchase the land and acquire a deed thereto before B. S. Minor because a householder and had a family living on the land, any conveyance without the wife's signature would be void.

### Cases Cited by Appellee.

The Mississippi cases cited by the appellee are not in point. Some tend to hold that an instrument like section 4 of the instrument of April 5, 1919, is but an option, at best. Some that it is not the subject of specific performance for want of consideration and description of the thing to be conveyed. Others have reference to perfect and complete contracts and their enforcement. The case of *Yost* v. *Devault*, 3 Iowa (but see this case again in 9 Iowa, p. 60) deals with a bond for title which no doubt was a completed contract. The question before the court was one of pleading. It is *obiter dictum* as to that part which could possibly bear upon the instant case. And above all it is not in accord with the spirit and policy of the homestead laws of Mississippi, as construed and applied by this honorable court.

### Appellee's Complaint.

It is complained by appellee, in brief, that, the deed of February 17, 1920, was made by B. S. Minor in performance of something which he could have been forced to do in fulfillment of a bargain which he had been caused to make while yet an infant, and that although he had performed "without murmur, kick or objection," yet, later, had denied the validity of the claim of appellee to the land." This seems to be true, and is only accounted for by the supposition, that when youth, which had prematurely made manhood "had blossomed" into real manhood, his mature judgment told him he had been robbed of his "birthright," by means of a

pretended gravel lease which was never intended to be per-
formed, but was simply a conduit to section four thereof,
and through said section four, the gravel pit would pass to
appellee, regardless of its worth.

*C. T. Gordon,* for appellee.

Now this court has upheld the right of parties to con-
tract and has held that a contract, lease, or option to sell
as executed in this case is binding upon the grantors, or
makers.   This being the law as handed down in the follow-
ing cases, viz: *Wilbourn* v. *Bishop,* 62 Miss. 341; *Eastman*
v. *Lumber Co.,* 102 Miss. 313; *Railroad Co.* v. *Land, etc.,*
82 Miss. 180; *Carson* v. *Percy,* 57 Miss. 97; *Bomer* v. *Can-
ady,* 79 Miss. 222; *Marquese* v. *Caldwell,* 48 Miss. 23; At-
*kinson* v. *Whitney,* 67 Miss. 655; *Welch* v. *Williams,* 85
Miss. 301.

The court in the above cases held that specific perform-
ance can be required of the grantors who have made a con-
tract agreeing to sell upon demand by the grantees and a
compliance of the conditions as provided for in the con-
tract as entered into by the parties thereto.   Now having
presented the first and second matters involved in this case,
I will now take up the third question, which deals with the
claim of a homestead made after the execution of the con-
tract.

The facts show that this contract was executed on April
5, 1919, and that the appellants married on October 4, 1919,
which was six months after the execution of the same and
six months after the same was recorded.   This contract be-
ing legal and binding, it took precedence over the home-
stead rights subsequently acquired.   The homestead right
were subordinated to the rights of the grantees and were
subject to the rights of the contract, which is to say, the
rights of the appellee under the contract.   It can never
be the law that a contract made by a single man with re-
gard to land that he then owns, and which contract is legal,
may be made a nullity by a subsequent marriage and the

making of the land subject to the terms of the contract, a homestead, and these homestead rights supersede, override and destroy the vested rights of the grantees in the contract. If such was ever announced as the law by a court, it would mean then that every contract of a single man would be a delicate and hazardous contract; one that could not be depended upon or any faith, credit or dependence placed upon. For no man could ever know whether the party then single would afterwards marry and claim the subject-matter of the contract as a homestead, or not. It would mean that the subsequent marriage and establishment of the homestead would destroy all contracts like the one involved in this case. It could and would be made the basis of fraud and dishonesty as undertaken to be made in this case.

The first and only case directly in point and in line with the case here presented, is the case of *Yost* v. *Devault,* reported in 3 Iowa, 345, 66 Am. Dec. 92, where the court passing on this question said: "If not the homestead at the time of the agreement to convey, no subsequent adoption of it as such, could affect the validity of the respondent's undertaking, or release him from his obligation." This is also the law as announced in *Kurz* v. *Brusch,* 13 Iowa, 375; *Davis* v. *Kelly,* 14 Ind. 527.

In the case of *Smith* v. *Bangham,* 156 Cal. 369, 28 L. R. A. (N. S.) page 522, it is said on this point: "A subsequent declaration of a homestead in land by the wife will not affect or release the husband from the specific performance of a contract to sell. The homestead rights are subject to the option and the rights relate back to the time the contract was made." See also notes in 28 L. R. A. (N. S.) page 522.

The rights of Brown S. Minor and his wife, Emily Minor, relate back to the 5th day of April, 1919, and at that time they were unmarried, and had no homestead rights in this land. It certainly could not be argued that the appellants should be relieved of a deed voluntarily made under the provision and pursuant to a contract wherein he could

have been forced to specifically perform the same, even over the claim of homestead rights.

This court decided in the case of *Hamerlich* v. *Jones,* 64 Miss. 240, that where J. S. L. Hamerlich on December 18, 1874, while then a single man, executed a deed of trust upon land to secure a note given to Jones, and afterwards married and went upon this land to live and made it his homestead and was making his homestead upon it, when he executed a note, alone without his wife joining him in its execution, whereby he extended the time of the payment of the note to a time beyond the six-year statute of limitation on the original note, the court then held: "A deed of trust given by a single man and who afterwards marries and before the bar of the statute of limitation makes a new promise in writing to pay the debt, a new period is thereby given both debt and security to run and such security is paramount to his homestead claim." Citing *Smith* v. *Scherck,* 60 Miss. 491.

This court has in every instance where called upon to pass upon the question of what effect a subsequently acquired homestead has upon a previous mortgage, deed, contract or other instrument, that the homestead so acquired is subject to the prior contract.

In conclusion, the appellee, respectfully submits that the learned chancellor was right in his decree as rendered in the lower court and that this cause should be affirmed in all things.

HOLDEN, J., delivered the opinion of the court.

This is a suit in chancery by the appellee, Interstate Gravel Company, against the appellant Brown S. Minor and others, seeking to remove cloud from title, quieting and confirming its title to certain lands, and also seeking an injunction restraining appellants from going upon the land or interfering with its laborers and employees thereon. From a decree granting the relief prayed for in the bill, this appeal is prosecuted.

The facts of the case are as follows: The appellant Brown S. Minor and his mother, Mrs. M. L. Minor, were the owners

in common of eighty acres of land.  In April, 1919, they
executed a contract of lease of the land to the appellee.
This contract also granted an option to the appellee to pur-
chase said land within two years for the sum of three thous-
and dollars.    Before the expiration of the option, the ap-
pellee, Interstate Gravel Company, paid to appellant Brown
S. Minor and Mrs. M. L. Minor the agreed price of three
thousand dollars, and received a warranty deed to the land
February 17, 1920.

Between the date of the execution of the contract of
lease and option to buy, in April, 1919, and the date of the
execution of the deed of conveyance in February, 1920, the
appellant Brown S. Minor married and moved upon the
land and occupied it as a homestead.   That is to say, he
married in October, 1919, and moved upon the land with
his wife, and while occupying the land as a homestead he
executed the warranty deed to appellee, together with his
mother, Mrs. M. L. Minor, but the deed made by him was
not signed by his wife.   Thus it appears the deed executed
by him conveying his undivided one-half interest in the
eighty acres of land was not signed by his wife, who was
occupying the land with him as a homestead.   And it is
the contention of appellant that the deed to the homestead
is void because it was not signed by the wife.

The appellant also contends that the contract of lease
and option is invalid and unenforceable because it is uni-
lateral, indefinite in description, and otherwise void.   But
we see no merit in the latter contentions because it appears
the contract of lease with the option to purchase was based
upon sufficient consideration, and, considering the whole
instrument together, we think its terms are sufficiently
definite and certain for validity and enforcement.

At the time appellant Brown S. Minor executed the con-
tract of lease and option to buy, he was a single man and
competent to execute the contract.   This contract was duly
recorded on the records of the county, and when he ex-
ecuted the warranty deed in February, 1920, his part of
the purchase money was paid to him in cash, but he and

his wife now claim that the deed was void because the land was occupied as a homestead when he signed it, and his wife did not join in the conveyance. So the determining question in the case is whether or not the deed executed by him at the time when the land was occupied as a homestead was valid without the signature of his wife.

It is urged by counsel for the appellant that when appellant married and occupied the land the homestead exemption arose and defeated the rights of the appellee, gravel company, under the contract of option to purchase; that the deed is absolutely void under sections 2146 and 2159, Code of 1906 (sections 1821 and 1834, Hemingway's Code), because the land was a homestead and the conveyance was not signed by the wife, and therefore the appellee, gravel company, has no title or right of possession to the land in question.

The appellant cites many decisions of this court to support his contention, but we find the cases referred to deal only with homestead exemptions against seizure or sale under execution or attachment under said section 2146, Code of 1906 (section 1821, Hemingway's Code). But the case before us is not one where the exemption is claimed as against an execution or attachment, but the right claimed here against the homestead exemption rests upon contract. Therefore the exemption under the last-named statute is not involved in this case.

The deed to the homestead, unsigned by the wife, would be void under the said section 2159, unless the contract of option, duly executed and recorded prior to the marriage and occupancy of the land as a homestead, is superior to the after-acquired homestead exemption.

We think the position taken by appellant is untenable, for the reason the option to purchase, given by appellant Minor at the time when he was single and competent to convey the land, was a covenant running with the land, which was valid and enforceable before or after it became a homestead.

He contracted to sell the land while it was not a homestead, and the covenant to sell ran with the land. There-

fore the subsequent homestead right acquired by the wife was subject to the covenant to sell which existed before the land became a homestead; consequently the effect of the deed signed alone by appellant Minor was to convey the land as of the date of the contract of option to purchase, which was in April, 1919, when the land was not a homestead. *Crenshaw-Gary Lumber Co.* v. *Norton,* 111 Miss. 720, 72 So. 140, L. R. A. 1916E, 1227; *Yost* v. *Devault,* 3 Iowa, 345, 66 Am. Dec. 92; *Kurz* v. *Brusch,* 13 Iowa, 375, 81 Am. Dec. 435; *Davis* v. *Kelley,* 14 Iowa, 527; *Smith* v. *Bangham,* 156 Cal. 359, 104 Pac. 689, 28 L. R. A. (N. S.) 522. It therefore follows that the deed to the land executed by the appellant Brown S. Minor to the gravel company is valid, and the veto power of the wife in this case is unavailing.

We find no error in the decree of the chancellor enjoining appellants and in quieting and confirming the title to the land in the appellee, Interstate Gravel Company.

The decree of the lower court is affirmed.

                                               *Affirmed.*