(96 South. 707)
### WALKER v. COX et al.　(1 Div. 270.)

(Supreme Court of Alabama.　May 10, 1923. Rehearing Denied June 14, 1923.)

1. Logs and logging ⬦3(11)—Purchaser of standing timber held not entitled to extension of time for removal, because of litigation with vendor.

Where a purchaser of standing timber, under a deed stipulating for reversion of title to the owner if the timber was not removed within 5 years, was during the 5-year period engaged in litigation with the vendor as to whether the conveyance was restricted to timber of a certain size, *held*, in view of the fact that the final decree was rendered 6 months before the expiration of the contract, that the purchaser was not prevented by injunction or otherwise from removing the timber conveyed, that he made no attempt to remove the timber until more than 6 months after the contract had expired, that the timber had been resold and partly removed, and that evidence showed that 60 days was a reasonable time within which to cut and remove the timber, he could not avail himself of the doctrine that "he who prevents a thing being done shall not avail himself of the nonperformance he has occasioned," on the ground that he was prevented from removing the timber by the vendor.

2. Injunction ⬦137(4)—Where grave doubt, temporary injunction generally denied.

Where there is grave doubt whether complainant will finally prevail, preliminary injunctive relief will generally be denied.

Appeal from Circuit Court, Clarke County; Ben D. Turner, Judge.

Bill by J. W. Walker against Agnes Cox, M. N. Harris, and Clark Harris, for injunction, etc. From a decree for respondents, complainant appeals. Affirmed.

Appellant purchased from Agnes Cox certain timber located on a tract of land in Clarke county, in area less than 160 acres. This timber deed was executed in December, 1916, and purports upon its face to con-

vey all the pine timber standing upon this land. A period of five years was provided within which the purchaser was to remove the timber, at the expiration of which time the title to all the timber remaining on the land was to revert to the owner and the conveyance to become void, with the option, however, of having the time for the removal of the timber extended for an additional period upon the payment of $25 in advance.

In June, 1919, Agnes Cox filed a bill against this appellant, alleging that she had only sold him the pine timber standing on the land, which measured 12 inches in diameter, and that the deed as executed by her so read, but that this limitation was erased without her knowledge or consent, and she prayed a cancellation of the deed, or, failing in that relief, for a reformation of the same, so as to limit the conveyance to a transfer of the timber 12 inches in diameter. In June, 1921, a final decree was rendered in that cause, granting the prayer for reformation.

During all this period no effort was made by the purchaser, J. W. Walker, to cut and remove the timber. The expiration of the time limit under the terms of the deed was reached in December, 1921. In July, 1922, Agnes Cox sold this timber to M. N. and Clarke Harris, who entered upon the land, and were proceeding to cut and remove the timber, when this bill was filed by appellant, seeking an injunction to restrain such cutting; the said M. N. and Clarke Harris and Agnes Cox being made parties respondent thereto. The respondents moved to dissolve the temporary injunction theretofore granted to complainant, each having filed a sworn answer denying the material averments upon which the complainant sought relief.

Complainant insists that he had been prevented from cutting the timber within the time allowed by reason of the litigation against him by Agnes Cox, and her statement warning him against cutting the same, and that he was therefore entitled to a reasonable time for that purpose after the expiration of the time limit. Complainant offered affidavits to the effect that from one to two years was a reasonable time within which to remove the timber.

Respondent Cox denied that she had prevented complainant from cutting or removing the timber; that her bill sought no injunction, but that she was forced to file a bill on account of complainant's claim to all the timber; and that the litigation was necessary to protect her rights, as evidenced by the decree rendered in her favor reforming the timber deed, but that, in any event, complainant had had a reasonable time (six months) within which to cut the timber before the time limit of the contract, after the rendition of the final decree, and that more than a reasonable time had expired after the

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

time limit, to wit, six months, before the timber was sold to M. N. and Clarke Harris in July, 1922; and that during all this time the complainant had made no effort to cut and remove the timber, but had abandoned the same and lost his rights thereto.

Respondents offered numerous affidavits tending to show that the tract of land contained about 200,000 feet of timber only, and that a reasonable time to remove the same was 60 days; that M. N. and Clarke Harris, the purchasers, had, with one team, cut and removed half the timber in 30 days; that the Harrises had purchased for value and in good faith.

Upon the hearing of the motion to dissolve the temporary injunction, the trial court sustained the same, and from this decree the complainant has prosecuted this appeal.

Thos. F. Seale, of Livingston, for appellant.

Where the vendee's failure to remove timber during the time stipulated in the deed has been due to interference by the owner of the soil, his right to a reasonable time thereafter in which to remove will be declared and enforced by appropriate decree in equity. Roberson v. Little, 200 Ala. 582, 76 South. 940. A temporary injunction should not be dissolved upon the sworn denials of the answer, if its dissolution would entail irreparable loss upon the complainant; and if the defendants by the dissolution of the injunction were allowed to cut timber, so that they would not be able to restore it to the appellant, then the injunction should be continued until the coming in of the full proof, that equity may be done between the parties. Profile Cotton Mills Co. v. Calhoun Water Co., 189 Ala. 181, 66 South. 50; Lauderdale v. McAllister, 193 Ala. 175, 68 South. 984; Code 1907, § 4535; Franklin v. Long, 191 Ala. 310, 68 South. 149; Rice v. Davidson, 206 Ala. 226, 89 South. 600; Saxon v. Parson, 206 Ala. 491, 90 South. 904; Thompson v. Johnson, 201 Ala. 315, 78 South. 91; Brown v. Bell, 206 Ala. 182, 89 South. 659; Toney et al. v. Burgess, 208 Ala. 55, 93 South. 850.

T. J. Bedsole and Q. W. Tucker, both of Grove Hill, for appellees.

In order to justify relief on the ground of interference, it must appear that complainant, either by actual force or by action legally equivalent to such force, was actually prevented from exercising his right. Peshtigo Lbr. Co. v. Ellis, 122 Wis. 433, 100 N. W. 834; Sanders v. Clarke, 22 Iowa, 275. Though a bill show cause for injunctive relief, if the sworn answer denies all averments thereof upon which the right can be predicated, a temporary injunction is properly dissolved. Consumers' C. & F. Co. v. Yarbrough, 194 Ala. 482, 69 South. 897; E. & W. Ry. Co. v. E. T., V. & G. Ry., 75 Ala. 275; Profile Cotton Mills v. Calhoun Water Co., 189 Ala. 181, 66 South. 50.

GARDNER, J. [1] Appellant was the purchaser of certain standing timber under a deed stipulating for a reversion of the title to the owner if the timber was not removed within the time provided. When this bill was filed, the time limit had expired more than six months previously, and complainant had therefore lost the legal title thereto; and he seeks by this proceeding to have the court enforce by appropriate decree his right to a reasonable time thereafter in which to remove the timber, upon the ground that during the time stipulated he was prevented from the removal by the interference of the owner of the soil.

The complainant has sought to bring his case within the influence of Roberson v. Little, 200 Ala. 582, 76 South. 940. The principle that the complainant invokes rests upon the doctrine that "he who prevents a thing being done shall not avail himself of the nonperformance he has occasioned." Peshtigo Lbr. Co. v. Ellis, 122 Wis. 433, 100 N. W. 834; Sanders v. Clark, 22 Iowa, 275; note to Halla v. Rogers, 34 L. R. A. (N. S.) 120.

The litigation between the complainant and respondent Agnes Cox appears to have arisen over the contention of the complainant in this cause that he was a purchaser of all the pine timber without restriction, and the final decree appears to have established that he had assumed an erroneous position; for by this decree the deed was reformed, so as to carry out the intention of the parties. No injunction against the respondent to that suit was sought, and it is not claimed that physical force was used or threatened against the purchaser as to the cutting of this timber.

It may be seriously questioned that the complainant here has presented a case coming within the influence of the principle recognized in Roberson v. Little, supra; but we pass that question as unnecessary to be now determined. In the Little Case, it will be noted that the owner of the soil deliberately and persistently prevented the cutting of the timber by the purchaser until the expiration of the stipulated term, and for the purpose of thus depriving the purchaser of the benefits of his bargain. In that case this court fixed a period of 4 months within which to allow the purchaser to cut and remove the timber.

Even giving to the former litigation between these parties the weight and consideration insisted by the complainant, yet it appears that he had 6 months after the rendition of the final decree within which to remove this timber within the period stipulated in the deed. More than 6 months passed before the purchase by M. N. and Clarke Harris, and during all this period the complainant made no effort to cut and remove the timber. Respondent M. N. Harris makes affidavit that he inquired of complainant why he had not exercised the right to extend

the time of cutting the timber, to which he replied that he was busy in Florida at the time with a large deal, and that he "never did bother with dimes when dollars were involved." Nor do we find that this complainant has entered a denial of this conversation; but, on the contrary, his conduct adds strong corroboration to the fact that the statement was made, and the statement itself serves as a fairly good explanation of his conduct.

We gather from the testimony of complainant himself that he had purchased this timber for a resale, nor does it appear to have been purchased in connection with any other body of timber. It covered only a small area, being situated upon a small tract of land containing less than 160 acres. M. N. and Clarke Harris, the purchasers, have with very ordinary facilities cut and removed half of this timber within 30 days, and we are persuaded from an examination of the proof offered that something like 60 days were a reasonable time within which to cut and remove the timber. As previously noted, complainant had not only 6 months from the termination of the litigation to the expiration of the contract; but another period of 6 months after the expiration of the time limit passed without any action upon his part, and no active interest is shown until the timber had been purchased by others.

[2] Under any phase of the case, therefore, we are persuaded that complainant has had a reasonable time, but has failed to avail himself thereof, and he is therefore in no position to invoke the principle recognized in Roberson v. Little, supra. Upon questions of this character, where there is great doubt as to complainant's right, preliminary injunctive relief will be generally denied. 5 Pom. Eq. Jur. § 264; Profile Cotton Mills v. Calhoun Water Co., 189 Ala. 181, 66 South. 50.

The court below correctly decreed in dissolving the injunction, and this decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.