SMITH *v.* SMITH *et al.*

(In Banc.   June 8, 1942.)

[8 So. (2d) 461.   No. 35018.]

**W. C. Sweat** and **J. B. Mitchell**, both of Corinth, for appellant.

G. C. Moreland, of Corinth, for appellees.

Anderson, J., delivered the opinion of the court.

Appellant filed his bill in the Chancery Court of Alcorn County against appellees to recover of them a lot situated

in the town of Kossuth in that county, which lot is described in the bill, and seeking to confirm complainant's title thereto, and set aside and declare for naught the claim of title by the defendants, and to recover rents. The cause was heard on bill, answer and proofs, resulting in a decree in favor of the defendants. From that decree the complainant prosecutes this appeal.

The question involved: A husband owns a piece of land which is not the homestead. He gives a deed of trust on it to secure a loan. His wife does not join him in the execution of the deed of trust. Later they occupy the land as a homestead. Through error the land intended to be conveyed by the deed of trust was left out, and other land not owned by the husband inserted. Has the mortgagee the right, after the land becomes a homestead, to have the deed of trust reformed so as to correspond to the intention of the parties, without making the wife a party to such a proceeding? The case grew out of the following facts:

The defendants are husband and wife. In 1924 the husband became the owner of the lot involved. In 1927 he borrowed $650 from the First National Bank of Corinth, and to secure payment of the loan gave a deed of trust on the lot involved. The description of the lot was void. In 1928 the defendants (husband and wife) moved on the lot and have since occupied it as their homestead. In 1932 the receiver of the First National Bank filed a bill in the Chancery Court of Alcorn County to reform the description of the lot in the deed of trust to the bank, referred to. The bill sought to substitute the correct description of the lot—the one intended by the parties. The wife of the defendant, J. S. Smith, was not made a party. The relief prayed for was granted. In other words, the deed of trust was reformed so as to properly describe the lot. Later the bank's deed of trust was foreclosed, the bank becoming the purchaser of the lot. Through conveyances the appellant acquired the bank's title.

The defendants contend, and the chancellor held, that the reformation of the deed of trust did not relate back to the time of its execution, but, on the contrary, that the matter stood exactly as it would have stood if the husband had attempted to then convey title without his wife's joining.

On the other hand, the complainant contends that the reformation of the deed of trust related back to the date of its execution, at which time the lot did not constitute a homestead. Although Minor v. Interstate Gravel Co., 130 Miss. 553, 94 So. 3, is not directly in point on its facts, nevertheless the principles therein declared are applicable. It was held in that case that the conveyance of a homestead is void unless the wife joins in it, except as to a prior covenant or encumbrance executed by the husband while single, or a deed given in pursuance of the prior covenant after marriage and occupancy as a homestead; that an option to purchase is a covenant running with the land, and is enforcible against the grantor either before or after he marries and occupies it as a homestead; that a covenant running with the land was superior to a homestead right acquired after execution of the covenant; that where an option to purchase land was given by a single man who afterwards married, and then deeded the land to the optionee without his wife's joining in the deed, the conveyance was effective as of the date of the option. The case of Hawkins v. Pearson et al., 96 Ala. 369, 11 So. 304, is helpful. The court held in that case that the reformation of a mortgage relates back to the date of its execution, as against the mortgagor's wife, who became such after the execution of the mortgage.

Under the law the husband had the right, without his wife's consent, to do exactly what the chancery court did, namely to correct the description in the deed of trust to the bank, so as to make it conform to the intention of the parties. All contracts permitted by law with reference to land, by the owner thereof, are enforcible,

although afterwards the land becomes the homestead of such owner. The deed of trust here involved, although containing a void description of the land, was at least a covenant by the grantor therein to execute another conveyance to the right land, when called upon by the mortgagee; and this is true, whether by that time it had become the homestead or not. Of course, it follows that what the husband, by his contract, was bound to do, the chancery court had the right to force him to do. The wife was neither a necessary nor a proper party. In other words, contracts made by a husband before marriage are not nullified by marriage, but are as enforcible as if marriage had not taken place.

Reversed and remanded.