FLOWERS *v.* R. A. VINTON LUMBER CO.

(In Banc. May 10, 1948. Suggestion of Error Overruled June 14, 1948.)

[35 So. (2d) 300. No. 36763.]

Colson & Guy and Chas. A. Pollard, all of Greenwood, for appellant.

Paul D. Montjoy, of Greenwood, for appellee.

**McGehee, J.**, delivered the opinion of the court.

On October 11, 1946, the appellant, Roosevelt Flowers, obtained an injunction against the appellee, R. A. Vinton Lumber Company, to prevent it from further cutting and removing merchantable timber which he had sold to said Lumber Company on September 25, 1944, by warranty deed, for a cash consideration of $1100. The alleged right to enjoin was predicated upon the fact that the timber deed contained a provision to the effect that the grantee was to have until September 25, 1946, to cut and remove the said merchantable timber, and at the end of said day, the title to said timber then standing on the 200 acres of land described in the deed was to "revert to and become the property of the grantor herein, his heirs and assigns, and all rights of the grantee shall cease at that time," it being alleged that the grantee was engaged in cutting and removing timber from said land on October 11, 1946, when the original bill of complaint was filed and the temporary writ of injunction obtained.

There was an amended bill of complaint thereafter filed which also prayed for a discovery and accounting as to the number of trees cut and removed after September 25, 1946, and as to the species, total amount, and value thereof.

The defendant lumber company filed its answer and cross-bill, and in the cross-bill it prayed that the court restore unto the cross-complainant a period of 15 months from and after the expiration date fixed in the timber deed because of the fact that the grantee lumber company had been deprived of that much of the period orig-

inally granted for cutting and removing the timber by the wrongful acts of the grantor, Roosevelt Flowers.

The trial court on final hearing of the case entered a decree granting an additional period of twelve months from the rendition of such degree within which the grantee could cut and remove the same. The decree having also dissolved the injunction and dismissed the bill of complaint, the grantor in the timber deed appeals.

It appears that the vendor, Roosevelt Flowers, had purchased the 200 acres of land and the timber thereon on October 21, 1943, from C. A. Pitchford, for a consideration of $4,000, of which the sum of $500 had been paid in cash, the remainder being evidenced by eleven promissory notes of $300 each, and a twelfth note for the sum of $200, payable one each year for twelve years after date, all bearing interest at the rate of 5% per annum. A vendor's lien was retained for security for the unpaid portion of this purchase money, and a deed of trust had been taken by the said C. A. Pitchford on the land and timber from his vendee as additional security. Both of these instruments were of record at the time the timber was later sold to the appellee lumber company, and insofar as the rights of C. A. Pitchford were concerned he was fully protected whether the lumber company had actual notice of these outstanding liens or not, but as to its grantor, Roosevelt Flowers, the lumber company was entitled to rely upon its warranty from him.

The deed of trust provided among other things that the said Roosevelt Flowers ''shall have the right to cut such timber from the land as he might desire for use in making improvements and repairs thereon, but he shall not, without the consent of the said Pitchford, sell any timber therefrom, and should any such timber sales be made the proceeds thereof shall be paid to the said Pitchford and apply to the payment of the indebtedness hereby secured.''

When appellant Roosevelt Flowers sold the timber to the appellee lumber company on September 25, 1944, he

did not inform the mortgagee Pitchford of such fact until five days thereafter. He then paid to the mortgagee a sufficient sum to take care of one of the $300 notes, and soon thereafter paid $150 on the second note, but with the understanding in the outset that he was to pay two of the said notes in full out of the proceeds of the sale of the timber or at least the sum of $600. Having paid only $450 of the amount agreed upon, and having failed and neglected for several months to pay the remaining $150, the mortgagee during the month of June, 1945, notified the lumber company not to cut and remove any timber from the land until the remaining $150 was paid. A similar notice in writing was also given on July 3, 1945. The lumber company was required to observe these notices under penalty of being sued by the trustee in the deed of trust for a conversion of a part of the security contracted for by the beneficiary for the unpaid balance on the purchase of the land and timber.

Thereupon the lumber company caused one of its representatives to contact its grantor and inform him of the fact that ''Mr. Pitchford stopped us and says we can't cut any more without paying him $150.00,'' and with the result that the grantor, Flowers, stated, ''Well, I have got that all fixed, and you can cut when you get ready.'' However, as a matter of fact, he hadn't done anything toward securing the consent of the mortgagee for any further cutting of the timber, and the trial court was warranted in believing from the testimony that the lumber company had no actual notice of these outstanding liens until it received the letters from the mortgage; that otherwise the proceeds of the timber sale would have been paid to the lienor.

As between the grantor of the timber and his vendee, it was the duty of such grantor to pay to the mortgagee in the first instance the full proceeds of the timber sale so as to protect his warranty, and having failed to do so and having induced the mortgagee to permit him to retain a part of such proceeds on condition that he would

pay at least two of the purchase money notes out of the remainder thereof, it then became his duty both to the mortgagee and to the grantee in the timber deed to comply fully with such subsequent agreement to pay to the mortgagee at least $600 of the proceeds of such sale. His failure to do so prevented the lumber company from cutting and removing the timber prior to September 25, 1946, since the timber was situated around a large lake where the land was overflowed by water a good portion of the year or could not be cut and removed because of general weather conditions.

It further appears that during the summer of 1946 the attorney for the lumber company, after considerable negotiations with the vendor of the timber, his attorney, and the mortgagee, brought about an agreement between all the parties whereby the lumber company would pay the remaining $150 to the mortgagee, take a waiver of his lien on the timber, and an extension of 90 days within which to cut and remove the timber. After all this was assented to by the mortgagee, as well as the grantor and grantee in the timber deed, a written agreement was prepared accordingly, and the grantor Flowers refused to execute the same. Whereupon, his attorney withdrew from the negotiations because of his refusal to do so after having verbally agreed to grant such extension, and on September 26, 1946, the waiver was executed by the mortgagee alone, when the remaining $150 was paid to him by the lumber company and credited on the indebtedness of Flowers under the deed of trust. In other words, the vendor received the benefit of $1250 for the timber instead of the original sale price of $1100, and he did not tender the excess back to the vendee in his bill of complaint herein.

The lumber company, acting upon the advice of its attorney, then proceeded to cut and remove timber from the land until the writ of injunction was served on October 11, 1946.

This Court held in the case of Sutton et al. v. Cannon, 135 Miss. 368, 100 So. 24, 26, that the word "warrant" without restrictive words in a conveyance, embraces the covenant of freedom from encumbrances, and the fact that the grantee had knowledge of the existence of the encumbrances on the land at the time of his purchase thereof is no defense to the warrantor; and the opinion in that case further stated that "the fact that a purchaser has notice of an encumbrance may be the reason for his requiring a covenant within whose scope it is included, and having taken this covenant he has the right to rest in the security afforded thereby, and to demand that the warrantor discharge it at its maturity, and upon his failure to do so the covenantor may either discharge the paramount encumbrances or surrender to the holder thereof and recover of the covenantor for a breach of the warranty."

In the instant case the covenantee elected to discharge the amount demanded for the timber by the holder of the mortgage. It is true that the lumber company could have done this when it was first notified by the mortgagee not to cut any more timber, but its grantor is not in a position to complain of a failure to do so since it was the grantor's duty to discharge the same out of the proceeds of the timber sale, using the entire amount thereof, if need be, in order to protect his warranty against any lawful demand of the mortgagee that the timber be not cut and removed.

Ordinarily there would be no occasion for writing an opinion for affirming the decree appealed from herein, under the facts presented by this record and the equity of this case, but we have made the foregoing statement of the facts, and of our conclusions based thereon, for the reason that no previous decision of this Court is called to our attention which would sustain the decree of the trial court in the instant case in granting the extension of one year, not provided for in the deed of conveyance.

The general rule, which we shall follow on this question, as an equitable and just one, is stated in 38 C. J. 174, under title "Logs and Logging," Section 55 bb.:

"Extension by Courts of Equity. A court of equity may afford relief and extend the time for cutting and removing the timber if equitable grounds of excuse for not removing the timber within the time specified are shown. Familiar applications of this rule occur where the failure to cut and remove the timber within the time limit is prevented by the act of God, or by the act of the seller, who will not be allowed the reap any advantage from his wrong. And where the cutting and removal is prevented by the act of the seller, the time for removal should be extended by adding to it the period of such interruption. See, also, 54 C. J. S., Logs and Logging, Sec. 19.

In the case of Roberson v. Little et al., 200 Ala. 582, 76 So. 940, the Supreme Court of Alabama upheld the rule of law stated in the above quotation from Corpus Juris by holding that the purchaser of timber could successfully seek an extension of time through a court of equity where the removal of the timber purchased has been prevented by the action of the seller. The Court said, among other things, "appellee's case is brought within the rule which appears to be uniformly recognized by the courts to this effect: That where the vendee's failure to remove timber during the time stipulated in his deed has been due to interference by the owner of the soil, his right to a reasonable time thereafter in which to remove will be declared and enforced by appropriate decree in equity. Halla v. Rogers, 9 Cir., 176 F. 709, 100 C. C. A. 263, 34 L. R. A., N. S., 120."

But it is urged by the appellant that since the vendee of the timber did not seek the aid of the court to obtain an extension on or before September 25, 1946, the court was without power and authority to grant the same; that the title to the timber then reverted to the vendor as absolute owner, under the defeasance clause of the deed. This contention is unavailing in the instant case where

the vendor has invoked the aid of a court of equity for injunctive relief, discovery, and accounting as to the timber cut and removed, and where the vendee had good reason to believe, in view of the above-mentioned negotiations between its attorney and the vendor and his attorney, that sufficient extension would be granted by agreement of the parties prior to the expiration of the original period stipulated for in the timber deed. The grantor had assented to such an extension, according to the testimony of both the mortgagee and of the attorney for the vendee lumber company, and had agreed to put his assent thereto in writing, and then repudiated the oral agreement which had been arrived at through negotiations extending over a period of three or four months, and finally refused to execute the written extension agreed upon, a few days before the original limitation had expired.

Finally, the vendor of the timber urges that the trial court was without authority to grant the one year additional time for the reason that the land on which the timber was situated had become the homestead of the vendor and his wife in April of 1946. However, the land did not comprise his homestead when he executed the timber conveyance by a general warranty, and his duty to take care of the outstanding liens, in such manner as to enable the vendee to cut and remove the timber during the original period provided therefor without having to violate the rights of the lien holder, arose long prior to the acquisition of any homestead rights now sought to be asserted. Minor et al. v. Interstate Gravel Co., 130 Miss. 553, 94 So. 3; Smith v. Smith et al., 193 Miss. 201, 8 So. (2d) 461; Felder v. Felder's Estate, 195 Miss. 326, 13 So. (2d) 823.

If it be said that the remedy of the grantee in the timber deed is by a suit for damages for the breach of the warranty, it should be noted that the measure of the damages in such an event would be the value of the timber remaining on the land. Therefore, since under the rule

hereinbefore stated a court of equity may afford relief by extending the time for cutting and removing the timber where equitable grounds for not removing the same within the time specified are shown, we are of the opinion that the action of the trial court in permitting the grantee to have the timber itself—a full, adequate, and complete remedy—instead of requiring the grantee to undergo the laborious effort of proving its value with reasonable certainty in a separate action for damages, was a just and correct adjudication, and that the decree of the trial court should in all respects be affirmed.

Affirmed.

### DISSENTING OPINION.

**Sydney Smith, C. J.,** delivered a dissenting opinion.

The appellee contends that it is entitled to an extension of time in which to cut and remove the timber because it was prevented from cutting and removing the timber by the wrongful conduct of the appellant. This contention is based on the maxim that "no man can take advantage of his own wrong," in which is included a more restricted maxim that "he who prevents a thing from being done shall not avail himself of the nonperformance he has occasioned" on which the doctrine of estoppel in pais is based. Broom's Legal Maxims, 9th Ed. page 197. Maxims of this character should be applied with caution and should be restricted rather than be enlarged in their application, in dealing with which it is well to bear in mind Mr. Justice Holmes' oft quoted dictum that "general principles do not decide concrete cases." In order for this maxim to apply here, it must appear that the appellee was actually prevented by the owner of the land, the appellant, from cutting the timber therefrom. 34 Am. Jur., Logs and Timber, Section 36; Peshtigo Lumber Company v. Ellis et al., 122 Wis. 433, 100 N. W. 834; Note to Halla v. Rogers, 34 L. R. A., N. S. 120.

The interference with the cutting of the timber here claimed was not by the appellant but by the holder of a mortgage on the land who notified the appellee to quit cutting timber unless he paid him, the mortgagee, $150 due the mortgagee under the appellee's contract with the appellant for the cutting of the timber. The appellee had already paid this amount to the appellant and it preferred to cease cutting the timber rather than pay it again, although he could have recovered it from the appellant under his warranty in the timber contract. The appellee was here presented with a choice of two courses of conduct—"knowing (in the language of the Supreme Court of Wisconsin in Peshtigo Lumber Company v. Ellis, supra) that the choice of one course will result in a lawsuit and that the choice of the other may forfeit valuable rights; but we have not supposed that this knowledge would relieve from the necessity of making a choice, or excuse one for sleeping on his contract rights."

The cases of Roberson v. Little, 200 Ala. 582, 76 So. 940, and Halla v. Rogers, 9 Cir., 176 F. 709, 100 C. C. A. 263, 34 L. R. A. (N. S.) 120, relied on in the main opinion herein, have no application here, for in both of them the purchaser in the one case and the lessee in the other was prevented from utilizing the property within the time limit therefor by wrongful court proceedings instituted by the owners thereof. In Walker v. Cox, 209 Ala. 627, 96 So. 707, 709, the Supreme Court of Alabama said: "In the Little Case (referring to Roberson v. Little, supra), it will be noted that the owner of the soil deliberately and persistently prevented the cutting of the timber by the purchaser until the expiration of the stipulated term, and for the purpose of thus depriving the purchaser of the benefits of his bargain."

Pitchford ratified the appellant's sale of this timber for which the appellant paid him $510 in cash and agreed to pay him $300 more, but failed to pay $150 of it. He of course violated this agreement with Pitchford but that

fact did not warrant the appellee in refraining from cutting the timber when Pitchford advised him thereof, and that he would demand its payment. I have found no case factually similar to the one here under consideration, and the one nearest thereto which fully expresses my views, and, in my opinion, correctly announces the law applicable hereto, is Peshtigo Lumber Company v. Ellis, supra. What the court below did was simply to amend the contract entered into between the appellant and appellee contrary, in my judgment, to its right so to do.

The judgment should be reversed.