PATTERSON, Chief Justice,
for the Court:
This is an appeal from a decree of the Chancery Court of DeSoto County. At the close of the complainants’ case, the court sustained defendants’ motion to dismiss. Aggrieved, the complainants appeal and assign as error, among other things, the pleadings and proof made a case for specific performance of a contract.
Charles Douglas and Patricia S. Douglas were divorced in June 1976. Incorporated into the divorce decree was a separation agreement by which the divorcing parties agreed to sell their residence in DeSoto County and equally divide the proceeds. To fulfill this agreement, they listed the property for sale with Riverwood Realty Company, Robert Dickey, real estate agent, in the latter part of July or the first part of August 1976.
On August 6,1976, Patricia Douglas, then divorced, quitclaimed her interest in the property to her former husband. The real estate agent thereafter attempted to sell the property by showing it to prospective purchasers, including James R. Sims and his wife Evelyn. After more thoroughly inspecting the property, they decided to purchase it. Pursuant to this decision, a contract of sale was consummated on September 4, 1976, between Mr. and Mrs. Sims and Charles Douglas. It was also signed by his former wife Patricia, because she held a lien upon it. Robert Dickey, the real estate agent, also subscribed to the contract to acknowledge payment of earnest money by Mr. and Mrs. Sims. This agreement was promptly filed for record in DeSoto County.
On August 30, 1976, Charles Douglas married his present wife Vivian. The fact *618 of remarriage was unknown to Mr. and Mrs. Sims, as well as the real estate agent, when the sale contract was made on September 4, 1976. The contract contained, together with appropriate language for sale and purchase, the following paragraph:
It is specifically understood and agreed that the Seller is responsible for loss by fire, Act of God, or any other casualty until the time of final settlement.
On September 22, 1976, the subject property was destroyed by fire.
On September 27 and October 28, 1976, Mr. and Mrs. Sims in writing requested Charles Douglas to carry out the terms of the contract of sale. On both occasions Douglas refused to comply with the contract even though it was undisputed that the Sims were ready, willing and able to abide by it. The Douglas’ defense to the suit for specific performance was that he had remarried prior to entering into the contract, thereby creating a homestead interest in his wife, and since she had not signed it, the contract was vitiated.
The complainants in presenting their evidence, attempted to introduce the agreement between Douglas and Riverwood Realty Company, but an objection of the defendants was sustained upon the basis that it was beyond the scope of the pleadings. An examination of the bill of complaint reveals that it was pleaded and the answer discloses that Douglas acknowledged that he had listed the property for sale with the realty company. He relies only upon the asserted homestead right of his present wife to defeat the contract.
In our opinion, the trial court erred in sustaining the objection to the evidence mentioned. More importantly, the court erred in ruling, upon the motion to dismiss the bill of complaint, that Douglas’ present wife had a homestead interest in the property superior to the previous agreement for sale.
Unfortunately, the case of Minor v. Interstate Gravel Co., 130 Miss. 553, 94 So. 3 (1922), was not called to the trial court’s attention. In it, Brown Minor and his mother, Mrs. M. L. Minor, were the owners in common of eighty acres of land. They executed a lease and an option to sell to Interstate Gravel Company for an agreed price of $3000. Thereafter, in accord with the option, Minor and his mother executed a warranty deed to Interstate. However, between the date of the option to sell and the date of the warranty deed Brown S. Minor had married and moved upon the land, occupying it as a homestead. It appears the wife did not join in the warranty deed, thereby motivating Minor and his wife to later claim the deed was void. The issue presented to the court was whether the deed executed by Minor and his mother was valid without the signature of his wife. The Court held as follows in determining that issue:
The deed to the homestead, unsigned by the wife, would be void under the said section 2159, unless the contract of option, duly executed and recorded prior to the marriage and occupancy of the land as a homestead, is superior to the after-acquired homestead exemption.
We think the position taken by appellant is untenable, for the reason the option to purchase, given by appellant Minor at the time when he was single and competent to convey the land, was a covenant running with the land, which was valid and enforceable before or after it became a homestead.
He contracted to sell the land while it was not a homestead, and the covenant to sell ran with the land. Therefore the subsequent homestead right acquired by the wife was subject to the covenant to sell which existed before the land became a homestead; consequently the effect of the deed signed alone by appellant Minor was to convey the land as of the date of the contract of option to purchase, which was in April, 1919, when the land was not a homestead. .
(130 Miss. at 563-64, 94 So. at 5)
See also Flowers v. Vinton Lbr. Co., 203 Miss. 420, 35 So.2d 300 (1948); Felder v. Felder’s Estate, 195 Miss. 326, 13 So.2d 823 (1943); and Smith v. Smith, 193 Miss. 201, 8 So.2d 461 (1942).
In accord with these authorities, we are of the opinion the trial court erred *619 in not permitting into evidence the agreement between Douglas, then single, and the real estate agency listing the property for sale, and erred in concluding the present wife of Charles Douglas had a homestead interest in the property superior to the previous contract concerning the subject property.
REVERSED AND REMANDED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.